# CHARLESTON.

## BROWN *v.* GORSUCH & SONS.

Submitted September 12, 1901. Decided December 14, 1901.

1. ATTACHMENT AGAINST PARTNERSHIP.

In an attachment suit in equity against a partnership where the attachment is levied on the social assets, it is necessary that the partners should both be before the court either by actual or constructive notice before any decree be made in relation to such property. (p. 515).

2. ERROR—*Abatement—Dismissal.*

It is error for the court to abate such attachment and dismiss such suit when one of the partners has been served with summons because an order of publication has not been taken against

the other, but the court should require the plaintiff to mature his suit within a reasonable time fixed as to such absent partner, or suffer the abatement of the attachment and dismissal of the suit.   (p. 516).

Appeal from Circuit Court, Mason County.

Bill by James Brown against W. Gorsuch & Son.   Decree for defendants, and complainant appeals.

*Reversed.*

W. R. Gunn and C. E. Hogg, for appellant.

H. R. Howard and Sommerville & Sommerville, for appellees.

Dent, Judge:

On the 17th day of September, 1900, James Brown sued out an attachment in equity against W. Gorsuch and J. Gorsuch, partners doing business as W. Gorsuch & Son.   The property of the firm was levied on and summons was served on J. Gorsuch and returned not found as to W. Gorsuch.   J. Gorsuch filed a replevy bond and was delivered possession of the property. Plaintiff excepted to this bond as insufficient.   On the 19th day of February, 1901, the court overruled the exceptions to the bond and held it good.   On the 9th day of May, 1901, the court on its own motion abated the attachment as to W. Gorsuch because he had not been served with process or no order of publication had been taken against him.   The defendant, J. Gorsuch, appeared for the first time and moved the court to abate the attachment as to the partnership property, and dismiss the suit as to him, which was accordingly done.   The only question involved here is as to whether the court had the right to abate the attachment as to W. Gorsuch.   If he had that he had the right to dismiss the suit for the reason that W. Gorsuch was a joint owner in the property attached, and it could not be sold without his interest therein being before the court and he a party to the suit.   For it is well established and an elementary rule in courts of chancery that all parties interested in the subject matter of controversy must be parties to the suit and served with process therein or be notified thereof by publication.   One of the parties was properly before the court, and he had the right to require the presence of the other or have the suit dis-

missed. It is provided in section 51, chapter 125, Code, that "A defendant as to whom the case has been set for hearing, may have an order upon the plaintiff to use due diligence to mature the cause for hearing as to the other defendants, and, unless it be so matured within such time as the court may deem reasonable, shall be entitled to a hearing or dismission of it as to him."

The defendant served with process had made no motion whatever in the case, and had not appeared in any way thereto. The plaintiff was resting under the mistaken belief, being one of law, that service on one of the partners and levy on the social assets rendered it unnecessary to have the other partner before the court. This is a suit in equity, and equity principles must control it. Instead of abating the attachment on its own motion the court should have entered an order requiring the plaintiff to use due diligence to mature the cause for hearing as to both the defendants, and unless it was so matured within such time as the court should deem reasonable on the motion of the defendant served should have dismissed the suit. This would have been in accordance with the requirement of the statute. One of the primary objects of an attachment is to secure the appearance of the debtor when personal service cannot be had. This was prevented in this case because the partner who was served with process replevied the property and took it out of the custody of the law, and thus misled plaintiff into the belief that publication as to the other partner was unnecessary. The court without any motion or defense on its own mere good pleasure abated the attachment as to one partner and thereby abated in effect as to both. Joint property having been levied on, it could not be subjected to the payment of plaintiff's demand without service on both the partners either actual or constructive. Equity seeks always to do substantial justice, both in pleadings and practice, and not to defeat the rights of parties by taking advantage of technical oversights. The court in this case should have refused to have entered any decree until W. Gorsuch was legally notified of the pendency of the proceedings, or have required plaintiff to have matured his suit in a reasonable time fixed, or have his attachment abated and his suit dismissed.

For this error the decree complained of is reversed, and cause remanded.

*Reversed.*