SOUTHGATE *v.* LINTON *et al.*

(*Nashville*, December Term, 1943.)

Decided June 10, 1944.

Rehearing Denied July 1, 1944.

NORMAN FARRELL, of Nashville, for complainant-appellant.

JOHN M. BARKSDALE, of Nashville, for respondents-appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The only question presented in this record is the sufficiency of the plea in abatement. The complainant Southgate is an architect and brought suit against Sam E. Linton, Sr., and others, a partnership doing business as the Linton Pencil Company, to recover on a claim of $2400 for an architect's fee for services rendered the partnership. The situs of the partnership is in Marshall County. The bill named as defendants Sam E. Linton, Sr., a resident of Davidson County, and Sam E. Linton, Jr., Sam P. Rutledge, N. E. Reiney and A. B. Cranston, residents of Marshall County, and the bill stated that they were a partnership doing business as the Linton Pencil Company. Process was issued for Sam E. Linton, Sr., who was served in Davidson County, and copy of the bill was left with him. Counterpart summons issued to Marshall County for the other defendants and was executed except as to A. B. Cranston, as to whom the writ was returned "not in my county." Thereafter Sam E. Linton, Sr., Sam E. Linton, Jr., Sam P. Rutledge and N. E. Reiney, filed the above-mentioned plea in abatement. The sole question raised is whether the suit could be maintained in Davidson County or whether it should have been brought in Marshall County.

We are of opinion that the decree of the chancellor is correct and that the venue was properly in Marshall County and not in Davidson County. The matters com-

plained of in the bill grew out of the partnership *status*.

Section 8643 of the Code is as follows:

"Office or agency.—When a corporation, partnership or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with the business of that office or agency, may be brought in the county in which such office or agency is located."

Sections 7852 and 7853 provide that the partnership is bound by a partner's wrongful act or his breach of trust.

Section 7854 provides:

"Nature of partner's liability.—All partners are liable (a) jointly and severally for everything chargeable to the partnership under the two preceding sections, (b) jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to perform a partnership contract."

██ Under these sections, it appears that under the Uniform Partnership Law partners are jointly and severally liable for matters growing out of the wrongful act of the partner, for his breach of trust wherein a third party is adversely affected thereby, but partners are only jointly liable for the ordinary contractual relations of the partnership.

Under the statements of the bill here the obligation is joint rather than several.

In *Deeney v. Hotel & Apartment Clerks' Union*, 57 Cal. App. (2d Supp.), 1023, 134 P. (2d), 328, 330, it was said that "although a partnership is not a legal entity for all purposes it is to be regarded as a legal entity to the extent that an action will lie against the partnership as such for the purpose of securing a judgment against it."

In *Chambers* v. *Sanford & Treadway*, 154 Tenn., 134, 139, 289 S. W., 533, 534, this Court speaking through Mr. Justice COOK, said:

"When the Compensation Law, chapter 123, Acts 1919, was passed, then existing statutes localized transitory actions to the county where the defendant was servable with process. See Shannon's Code, secs. 4513, 4516, 4542.

. . . .

"Sections 4516, 4542 of Shannon's Code localizes the action against corporations, companies, or individuals of the county where they maintain an office or agency."

It further appears from the bill that the action in the instant cause could only be brought in Marshall County. It was in that county that the partnership known as the Linton Pencil Company was carrying on its business. It could not be contemplated that one partner could be segregated out in some remote county of the State, for example, and sued in that county, and by counterpart process bring the other members of the partnership into a remote forum on matters growing out of the partnership business.

It results that we find no error in the decree of the chancellor and it is affirmed.