WEAVER et al. v. MARCUS et al.
Civil Action No. 222.

District Court, W. D. Virginia,
at Harrisonburg.

Sept. 9, 1947.

J. Lynn Lucas, of Luray, Va., and Weinberg & Green, of Baltimore, Md., for plaintiffs.

J. Sloan Kuykendall and T. G. Scully, both of Winchester, Va., for defendants.

PAUL, District Judge.

This action arose out of the fact that Clarence C. Weaver, a resident of Maryland, while operating an automobile within the State of Virginia was killed as the result of a collision between the automobile and a truck which was owned by the defendants in this case, who were partners in business, and which truck at the time was being operated by William E. Costello as an employee of the defendants.

Bertha M. Weaver, a resident of Maryland, qualified as administratrix of the estate of Clarence C. Weaver in Maryland. Later the said Bertha M. Weaver, together with Edwin L. Lucas, a resident and citizen of Virginia, qualified as joint administrators in the Circuit Court of Warren County, Virginia. This latter qualification was apparently for the purpose of bringing this action for wrongful death.

In the belief that all of the defendants, who engaged in business under the name of Marcus Brothers, were residents of Charles Town, West Virginia, the plaintiffs caused service of process to be issued against the defendants through the Commissioner of Motor Vehicles of the State of Virginia under the statute providing for such service upon non-residents who operate motor vehicles over the highways of the State of Virginia. Code Va.1942, § 2154 (70). It developed, however, that Carl C. Marcus, one of the defendants, is a resident of the city of Winchester, Virginia, in this district. Service of process upon him through the Commissioner of Motor Vehicles was ineffective and was quashed by previous order of this court. Immediately thereafter the plaintiffs caused legal service to be made upon Carl C. Marcus, which brought him, as well as the other defendants legally before the court. In this situation the defendants have attacked the jurisdiction of the court on the ground that one of the plaintiffs, E. L. Lucas, and one of the defendants, Carl C. Marcus, are both residents of the State of Virginia and that, therefore, the requisite diversity of citizenship upon which jurisdiction in this case is invoked is lacking.

The only possible ground of jurisdiction in this court is diversity of citizenship and the objection raised by the defendants to the jurisdiction is, of course, well taken. Having had this situation pointed out to them by the court the plaintiffs have now filed in writing a motion for an order dismissing Carl C. Marcus as a party defendant. The grounds stated in this motion are entirely untenable, but when this was shown to the plaintiffs they asked leave and were granted permission to make a verbal motion to dismiss Carl C. Marcus as a defendant by virtue of the provisions of Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provide in part that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The court is considering the motion as made under Rule 21.

I am of opinion that the motion to dismiss Carl C. Marcus as a defendant should be denied. I take this position with some hesitancy in view of the fact that a plaintiff ought ordinarily be allowed to make his own choice as to whom he wishes to sue. But the fact that Rule 21 provides that parties may be dropped "by order of the court" implies that the matter is one in which the court has the right to exercise some discretion and that it does not follow

as a matter or right that a party can be dropped at the mere desire of the plaintiff. In this case the plaintiff's only reason for dropping Carl C. Marcus as a defendant, a reason which they openly admit, is that by doing so they expect to retain jurisdiction of the action in this court; or rather that they hope to confer upon this court a jurisdiction which it does not now possess. Carl C. Marcus is opposing the motion to drop him, as are all of the other defendants.

In this action the only person charged with negligence was the truck driver, Costello, and the several Marcus Brothers are charged with liability purely because of the fact that Costello was their agent at the time of the accident. None of them personally had anything to do with the accident, none of them were present at the time or place of the accident, and none of them were guilty of any personal negligence on their part. If the plaintiffs have a meritorious case, then the measure and extent of the responsibility and liability of these five partners is exactly the same. No one of them is any less an indispensible party than the others. It is not sought to drop Carl C. Marcus on the ground that he is a mere nominal party or that he is secondarily liable but solely on the ground that if he can be dropped as a party defendant this court will have jurisdiction to proceed with the action, which it does not now have power to do.

█ In any normal procedure this action would have been against all of the partners and in such a case this court would not have had jurisdiction. In fact the plaintiffs pursued the normal procedure and made all of the partners defendant with the result that this court has no jurisdiction. The plaintiffs seek now to dismiss as to Carl C. Marcus solely to create the jurisdiction that the court does not now possess. The federal courts are courts of limited jurisdiction and this court has always been of the firm opinion that the limits of this jurisdiction should be strictly observed, and that the jurisdiction should not be enlarged through technicalities; that, for example, diversity of citizenship should not be created through manipulation when by every reasonable consideration it does not in fact

exist. These are some classes of cases which simply do not belong in the federal court for the reason that the federal court does not have jurisdiction of them due to the places of residence of the several parties. This case is one of them. The plaintiffs voluntarily made Carl C. Marcus, along with the other partners, a defendant and thereby formulated an action of which this court does not have jurisdiction. I do not think it proper or wise that the court should dismiss Carl C. Marcus in order to acquire jurisdiction in a case which properly does not belong in this court.

█ A strong consideration in this matter is as to the possible rights of the other defendants and of Carl C. Marcus himself in case he were dropped as a defendant. The other defendants would seem to have a right to demand that Carl C. Marcus, who is equally and primarily liable along with them, if any liability exists, be brought in as a defendant. In Virginia partners must be sued in their individual names and the Virginia statute, Code Va. 1942, § 4359(15), specifically provides that, with limited exceptions, all partners are liable "jointly for all other debts and obligations of the partnership." It would seem that since liability is "joint" (not joint and several) that all partners must be made parties defendant and this is the Virginia rule. See also Brown v. Gorsuch et al., 50 W.Va. 514, 40 S.E. 376, 377, where one partner only was served with process and the court said: "For it is well established * * * that all parties interested in the subject-matter of controversy must be parties to the suit * * *. One of the parties was properly before the court, and he had the right to require the presence of the other or have the suit dismissed."

It would seem that under Rule 14 of the Federal Rules of Civil Procedure the other defendants would have the right to insist that Carl C. Marcus be brought in as a party whose liability to the plaintiffs is direct and on an equality with theirs. Indeed they have indicated that if Carl C. Marcus is now dropped as a defendant they will seek the benefit of this rule. Certainly justice to the other defendants would seem to require that Carl C. Marcus should be a defendant along with them. And yet, if he

were brought in under the third party rule, we would have the same situation as now exists and the jurisdiction of the court would be destroyed. On the other hand, Carl C. Marcus takes the position that he has a right to have his rights adjudicated in this action along with those of his co-partners on the ground that, whether as a partner or as a joint tort-feasor, he will be liable to contribute to his co-partners to the satisfaction of any recovery that might be obtained against them, and that he would suffer this liability without the opportunity ever to appear in the case or make a defense to the claim for damages which the plaintiffs are asserting and which he would be bound in part to pay. He urges strongly that if a judgment were obtained by the plaintiffs it would be a final adjudication of the liability of the defendants who compose the partnership; that this liability would be res adjudicata upon the facts and that he would be liable to contribute equally to the satisfaction of any judgment obtained without ever having a chance to appear in court and make defense against such liability.

It is not necessary to accept in full this argument of Carl C. Marcus in order to form the opinion that he ought not to be dismissed as a party defendant and that his rights should be adjudicated along with those of his partners in a single action.

Rule 82 of the Federal Rules of Civil Procedure points out that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." To permit the dismissal of this action as to this one defendant under the provisions of Rule 21 can perhaps not properly be said to be a "construction" of the rule, but it is certainly a manipulation of the rule for the purpose of extending the jurisdiction of this court and it is one which I do not think should be permitted. Under the situation disclosed here as to the residences of the parties litigant in this case the action should have been brought in the state court. That is where it properly belongs and this court feels it improper and unwise to acquire jurisdiction of it by the means here sought. The motion to drop Carl C. Marcus as a defendant will be denied. And inasmuch as it is apparent that the court has not jurisdiction of the action it will have to be dismissed for lack of jurisdiction.