**WEAVER et al. v. MARCUS et al.**

No. 5680.

Circuit Court of Appeals, Fourth Circuit.

Jan. 31, 1948.

Everett L. Buckmaster, of Baltimore, Md. (Weinberg & Green and George L. Clarke all of Baltimore, Md., and J. Lynn Lucas of Luray, Va., on the brief), for appellants.

Thomas G. Scully and J. Sloan Kuykendall, both of Winchester, Va., for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Clarence Weaver, a citizen of Maryland, was killed in Virginia, when the automobile he was driving collided with a truck operated by William Costello, an employee of the defendants, who were partners trading under the firm name and style of Marcus Brothers. Bertha Weaver, a citizen of Maryland, qualified in that State as the Administratrix of the estate of Clarence Weaver, and later Bertha Weaver and Edwin Lucas, a citizen of Virginia, qualified in Virginia as joint Administratrix and Administrator of the estate of Clarence Weaver. Apparently this Virginia qualification was for the purpose of bringing a civil action in Virginia for the alleged wrongful death of Clarence Weaver.

A civil action was instituted in the United States District Court for the Western District of Virginia by Bertha Weaver and Edwin Lucas, Administratrix and Administrator of the estate of Clarence Weaver, as plaintiffs, against R. L. Marcus, J. K. Marcus, T. C. Marcus, J. L. Marcus and Carl Marcus (individually and as partners trading as Marcus Brothers) and William Costello, an employee of the defendants. This civil action was filed in the sincere belief that all the defendants were citizens of West Virginia. Acting on this same belief, plaintiffs caused service of

process to be issued against all the defendants through the Commissioner of Motor Vehicles of Virginia under the Virginia Statute, Michie's Code, § 2154(70) (i), providing for such service upon non-residents of Virginia who operate motor vehicles over Virginia highways.

The District Judge granted a motion to quash the service under this statute on defendant Carl Marcus, upon a showing that Carl Marcus was a citizen of Virginia. Later, however, Carl Marcus saw fit to waive his rights in this respect and he accepted service of process upon him.

The only basis of jurisdiction of the District Court over this civil action was diversity of citizenship. Defendants attacked the jurisdiction of the District Court on the ground (which would defeat the jurisdiction) that one of the plaintiffs, Lucas, and one of the defendants, Carl Marcus, were both citizens of the State of Virginia.

Plaintiffs, thereupon, moved for a dismissal of the action as to the defendant, Carl Marcus. This motion was denied. The District Judge then dismissed the action for lack of jurisdiction, since the requisite diversity of citizenship was lacking because one plaintiff, Lucas, and one defendant, Carl Marcus, were citizens of the same State, Virginia. The District Court (quite properly, we think) considered and decided the motion of plaintiffs to dismiss as to Carl Marcus under Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This motion to drop Carl Marcus as a party defendant was opposed by Carl Marcus and all the other defendants. Quite obviously the plaintiffs desire the dropping of Carl Marcus in order that the District Court may retain jurisdiction of this civil action.

We agree with the statement in the opinion of the District Judge [73 F.Supp. 736, 737]: "But the fact that Rule 21 provides that parties may be dropped 'by order of the court' implies that the matter is one in which the court has the right to exercise some discretion and that it does not follow as a matter [of] right that a party can be dropped at the mere desire of the plaintiff."

And, ordinarily, the exercise of such discretion by the District Judge can be reversed on appeal only when there has been a clear abuse thereof. Here, however, we feel that the District Judge's denial of the motion by plaintiffs to dismiss as to the defendant, Carl Marcus, was based upon misconceptions of law, so we feel constrained to reverse this decision.

The Uniform Partnership Act was adopted in Virginia in 1918. Title 38, A, Chapter 175 A, Virginia Code (Michie, 1942) page 1596 provides:

"Sec. 4359(13). Partnership bound by partner's wrongful act.—Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, loss or injury, is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

"Sec. 4359(14). Partnership bound by partner's breach of trust.—The partnership is bound to make good the loss:

"(a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and

"(b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

"Sec. 4359(15). Nature of partner's liability.—All partners are liable

"(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14 (§§ 4359(13), 4359(14) of this Code).

"(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

The District Judge held here: "It would seem that since liability is 'joint' (not joint

and several) that all partners must be made parties defendant and this is the Virginia rule." No case has been cited to us, nor have we been able to discover a case, holding that, under the Uniform Partnership Act, the liability of partners for the tortious act of an employee within the scope of his employment is joint. The case of Brown v. Gorsuch, 50 W.Va. 514, 40 S.E. 376, cited in the opinion below, is not in point. That case did not involve the Uniform Partnership Act. What was actually decided in that case is clearly indicated in the Syllabus by the Court:

"1. In an attachment suit in equity against a partnership, where the attachment is levied on the social assets, it is necessary that the partners should both be before the court, either by actual or constructive notice, before any decree be made in relation to such property.

"2. It is error for the court to abate such attachment, and dismiss such suit, when one of the partners has been served with summons, because an order of publication has not been taken against the other; but the court should require the plaintiff to mature his suit within a reasonable time, fixed as to such absent partner, or suffer the abatement of the attachment and dismissal of the suit."

 The generally accepted doctrine at common law is that the liability of the partners in tort would be joint and several and not joint. James—Dickenson Farm Mortgage Co. v. Harry, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205; Armstrong v. New La Paz Gold Mining Co., 9 Cir., 107 F.2d 453; Lindley on Partnership, 10th Ed., 356; Mechem, Elements of Partnership, §§ 312, 338; 40 American Jurisprudence 261. Though the language of the Uniform Partnership Act is a bit inept, we do not believe this language indicates any intention to change the common law doctrine, even though that Act, Virginia Code, § 4359(4) (1), Michie, 1942, does provide: "The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this act."

The Act is crystal clear that the liability is joint and several where the wrongful act is that of a partner. Klam v. Koppel, 63 Idaho 171, 118 P.2d 729; Southgate v. Linton, 181 Tenn. 540, 181 S.W.2d 888. We see no reason for a different rule when the wrongful act is committed by an employee of the partnership within the scope of his employment.

 There seems to be a somewhat strange dearth of direct authority on the precise problem of whether, under the Uniform Partnership Act, partners are jointly and severally liable where the tortious act is committed by an employee (not a partner) within the scope of his employment. Absolutely in point, though, on facts strikingly similar to the instant case, is Soberg v. Sanders, 243 Mich. 429, 220 N.W. 781. Associate Justice Sharpe there discussed the problem at some length, analyzed the apposite provisions of the Uniform Partnership Act and decided (quite correctly, we think) that the liability of the partners was joint and several, so that it was not necessary for the injured plaintiff to sue all of the partners.

In Mechem's Elements of Partnership (2d Ed.1920), § 312, pages 276, 277, it is stated: "The liability, however, of partners for torts committed by one partner *or by the servant of the firm* is joint and several, and the action may be brought against one or all or an intermediate number. *The Uniform Partnership Act is to the same effect.*" (Italics ours.)

In Crane on Partnership (1938) 276, the broad statement is made: "They (the partners) are severally, as well as jointly, liable for a tort of a servant or agent of the partnership within the course of the employment;" and the Soberg case, supra, is cited as authority. The joint and several liability here of the partners seems to be firmly established in England. Thus, in Lindley on Partnership (10th Ed.1935) 356, it is said (citing cases): "If some of them (the partners) only are sued, they cannot insist upon the other partners being joined as defendants. And this rule applies even where the tort in question is committed by an agent or servant of the firm, and not otherwise by the firm itself."

 Rule 19(b), Federal Rules of Civil Procedure, reads: "*Effect of Failure to*

*Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

Under this rule, since (as we have held) Carl Marcus is a necessary party but not an indispensable party, it is clear that this action could have originally been maintained against the other partners with Carl Marcus omitted. Indeed, it is quite obvious that this action would have been thus brought had not plaintiffs been under the mistaken impression that Carl Marcus was (as were all the other partners) a citizen of West Virginia.

As another reason for refusing a dismissal of Carl Marcus, the District Judge stated that if Carl Marcus were dropped, under Rule 14 of the Federal Rules of Civil Procedure, "the other defendants would have the right to insist that Carl C. Marcus be brought in as a party." Then the opinion below goes on to state: "Indeed they (the other defendants) have indicated that if Carl C. Marcus is now dropped as a defendant they will seek the benefit of this rule." We think the other defendants had no such right. In Baltimore & Ohio Railroad Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481, 484, Circuit Judge Parker said: "The rule should be liberally construed, but not in such a way as to permit a practice which transcends the limits of federal jurisdiction. See rule 82 * * * While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom the [plaintiff] does not wish to sue. * * * And this is certainly true where the effect of the joinder of the third party defendant would be to oust the court of jurisdiction."

And see the equally strong language of Circuit Judge Clark in Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778, 779.

We do not think it necessary here to consider or decide, if a judgment is obtained here by plaintiffs with Carl Marcus dropped as a party, the extent to which such a judgment would be binding on Carl Marcus under the doctrine of res adjudicata, or whether, under such a judgment, execution could be levied on all the assets of the partnership. These questions, and any other appropriate ones, can be decided if, as and when they are properly raised.

For the reasons stated, the judgment of the District Court dismissing this civil action is reversed and the case is remanded to that court with instructions to grant the motion of plantiffs to dismiss as to the defendant Carl Marcus and to proceed with the case against the other defendants.

Reversed and remanded.