## SAVOIA FILM S. A. I. v. VANGUARD FILMS, Inc., et al.

United States District Court
S. D. New York.
Jan. 27, 1950.

Benjamin Pepper, New York City, for plaintiff.

David I. Bursten, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants have moved to dismiss the action on the following grounds:

(1) that the complaint does not contain any allegation of jurisdiction;

(2) that the action is brought in the wrong district because of residence requirements;

(3) that the action has been brought in an inconvenient forum.

Plaintiff herein is an Italian corporation. Defendant Vanguard Films, Inc., is a California corporation which has qualified to do business in the State of New York, as appears from the affidavit submitted by plaintiff's counsel. Defendant David O. Selznick apparently is a resident of the State of California,—in any event he is not a resident of the State of New York.

These facts are alleged in plaintiff's complaint, and there also appears an allegation that the amount in controversy exceeds the sum of $3000, exclusive of interest and costs. Hence the complaint does satisfy the diversity of citizenship jurisdictional requirements and there is no merit to defendants' first ground for dismissal.

The second ground for dismissal requires more serious consideration. The action is for breach of a contract entered into between the plaintiff and the defendant Vanguard Films, Inc., on February 9, 1946. David O. Selznick was made a party defendant because Vanguard Films, Inc., it is alleged, made the agreement on its own behalf and on behalf of Selznick.

Section 1391(a) of Title 28 of the United States Code requires that "A civil action wherein jurisdiction is founded only on diversity of citizenship may * * * be brought only in the judicial district where all plaintiffs or all defendants reside." Neither plaintiff nor defendant Selznick resides in this district. However, defendant Vanguard Films, Inc., does reside here since it has qualified to do business in New York State as a foreign corporation, has designated the Secretary of State as its agent to be served with process, and is in fact doing business in the Southern District of New York. Section 1391(c), Title 28 U.S.C.A.

Therefore venue is improper as to Selznick and proper as to Vanguard Films, Inc., and if both are retained as parties defendant the action must be dismissed pursuant to Section 1391(a), supra, or otherwise disposed of pursuant to Section 1406(a), 28 U.S.C.A., as amended.[1]

Defendant Selznick is not an indispensable party to this action. He was not a party to the agreement and any determination of the rights of plaintiff and defendant Vanguard Films, Inc., under the contract will not affect the legal rights of Selznick. An indispensable party must be distinguished from a necessary party, who is a person having such an interest in the controversy that he ought to be made a party in order to finally determine the entire controversy, but whose interest is separable. Shields v. Barrow, 1854, 17 How. 130, 58 U.S. 130, 139. At best the defendants' interests are joint and several, and in that event the joinder of all the parties as indispensable is not required, 3 Moore's Federal Practice, 2d Ed., p. 2164. In the opinion of this Court, defendant David O. Selznick is not an indispensable party to this action but only a necessary party, and the action may be continued without him.

1. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

■ The Court may drop or add parties of its own initiative at any stage of the action on such terms as are just. Rule 21, Federal Rules of Civil Procedure, 28 U. S.C.A. Furthermore, plaintiff's counsel requested at the hearing that defendant Selznick be dropped, thereby curing the jurisdictional defect. The Court feels that in the exercise of its discretion the interests of justice would best be served by permitting the dropping of the defendant Selznick. See 3 Moore's Federal Practice, 2d Ed., pp. 2119, 2145; Weaver v. Marcus, 4 Cir., 1948, 165 F.2d 862, 175 A.L.R. 1305; cf. Camp v. Gress, 1919, 250 U.S. 308, 39 S. Ct. 478, 63 L.Ed. 997.

The last ground for dismissal put forth by the defendants is that this district is an inconvenient forum, for the following reasons:

(a) that plaintiff is a foreign corporation not doing business in New York;

(b) that all of the defendants reside in California;

(c) that the contract is by its terms governed by California law, and the law of California would have to be proved upon the trial;

(d) that the defendants would have to call as witnesses officers and employees employed in California;

(e) that there are courts available in California;

(f) that it is not in the interests of justice to try the case in this district.

■ The defendants' counsel in requesting dismissal seeks to disregard the recently enacted provisions of Section 1404(a) of Title 28 U.S.C.A., which provides for transfer of actions on essentially forum non conveniens grounds, rather than the dismissal previously required. The Court will therefore treat this part of his motion as one to transfer the action to the Southern District of California rather than for dismissal.

■ As to the aforementioned contentions of defendants, (a) (c) and (e) are irrelevant. Section 1404(a) provides for the transfer of an action for the convenience of parties and witnesses, not for the convenience of the Court. Contention (f) is a bare conclusion and meaningless as such. The second contention has been partly cured by dropping defendant Selznick. Vanguard Films, Inc., is present in New York and has an office for the transaction of its business here; hence, it will not be inconvenienced by being required to appear.

The only contention of the defendants that has any merit is (d), and this is but a vague statement that some witnesses for the defendant are employed in California. Plaintiff refutes this argument by stating that no books and records of any kind will be required in this action which is a contract action. The negotiations for this contract were held in Italy, hence it is not an action local to California. Plaintiff alleges that the person who negotiated the contract for Vanguard Films, Inc., is frequently in New York. On the other hand, the principals and witnesses for the plaintiff would have to come from Italy to testify in New York and it would impose a tremendous burden and expense to require them to travel some 3000 additional miles to California.

■ Defendant Vanguard Films, Inc., has not shown any real justification for transfer of this action to California, much less the showing of a strong balance of convenience in its favor required by Section 1404(a). See Ferguson v. Ford Motor Co., D.C.S.D.N.Y., 1950, 89 F.Supp. 45.

■ It is therefore the decision of this Court that the defendant David O. Selznick shall be dropped as a party defendant and that the motion to dismiss this action (or transfer it to another district) be denied. Defendants' request for twenty days in which to answer the complaint (instead of ten days as provided by Rule 12(a) of the Federal Rules of Civil Procedure) is denied.

Settle order on notice.