286 F.2d 782
 PHILIP CAREY MANUFACTURING COMPANY et al., Petitioner,
v.
Honorable Robert L. TAYLOR, Judge of the United States
District Court, Eastern District of Tennessee,
Northern Division, Respondent.
 No. 14396.
 United States Court of Appeals Sixth Circuit.
 Jan. 31, 1961.
 
 Taft, Stettinius & Hollister, Cincinnati, Ohio, Lederer, Livingston, Kahn & Adsit, Chicago, Ill., Austin, Burns, Appell & Smith, New York City, John M. Gaston, Jr., New York City, for petitioners.
 Peyton Ford, Washington, D.C., for respondent.
 Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.
 CECIL, Circuit Judge.
 
 
 1
 The Philip Carey Manufacturing Company, Lloyd A. Fry Roofing Company, The Ruberoid Company and Allied Chemical Corporation being four of the defendants in a private anti-trust suit, viz., Leopard Roofing Company, Inc. v. Asphalt Roofing Industry Bureau et al., filed in the United States District Court for the Eastern District of Tennessee, petition this Court for writs of mandamus and prohibition.
 
 
 2
 The petitioners seek writs directing Judge Taylor, District Judge of the District Court for the Eastern District of Tennessee, to vacate an order entered by him on October 6, 1960, transferring the civil anti-trust action, above mentioned, to the District Court for the Southern District of Mississippi and to prohibit such transfer.
 
 
 3
 Leopard Roofing Company, Inc. commenced its action in the District Court in Tennessee by filing a complaint on February 4, 1960. Under order of the court an amended complaint was filed March 21, 1960. In this amended complaint fourteen corporations, one trade association organized under the laws of New York and 73 individuals were named as defendants.
 
 
 4
 The Asphalt Roofing Industry Bureau, the defendant trade association, moved for dismissal for want of jurisdiction on the ground that it is an unincorporated association, under the laws of New York, and did not do business in Tennessee. The court set this motion for hearing on October 12th. On October 4th the plaintiff filed a notice of dismissal of the action as to this defendant and G. S. Bryant, its executive secretary. Prior to filing the mandamus petition, two of the corporate defendants, Johns-Manville Corporation and The Lehon Company were dismissed from the action. On October 6th, the district judge ordered a transfer to the Southern District of Mississippi, under Section 1404(a) of Title 28 U.S.C.
 
 
 5
 The suggestion of transfer was first made by Judge Taylor in his order of May 26th, assigning the case for a pretrial conference on August 11, 1960. On August 7th, four days before the date for the conference, counsel for plaintiff moved for a transfer to the Southern District of Mississippi. Objections to transfer were made by some of the defendants and the matter was heard by the court on affidavits of the parties and oral arguments of counsel.
 
 
 6
 At the time the petition was filed in this Court there were twelve corporate and 72 individual defendants. The individuals were officers and employees of the corporations. None of the individuals was served with summons in the Eastern District of Tennessee and it is conceded that none could be legally served there unless he or they voluntarily came into the district. Subsequent to the filing of the petition in this Court, the plaintiff gave notice of the voluntary dismissal of the action as to all of the individual defendants.
 
 
 7
 In this posture of the case, is it subject to transfer to another district under Section 1404(a), Title 28 U.S.C.? That section provides 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'
 
 
 8
 The question is properly presented in this Court by petition for writs of mandamus and prohibition. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254; La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Johnson & Johnson v. Picard, 6 Cir., 282 F.2d 386.
 
 
 9
 District Judge Taylor found, in an opinion filed October 6th 'It is further of the opinion that, in the interest of justice, plaintiff's motion to transfer should be sustained and the case transferred from Knoxville to Meridian, Mississippi.' This is a matter that is largely discretionary with the District Judge. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789; Nicol v. Koscinski, 6 Cir., 188 F.2d 537; L. C. Fuller, Jr., Lumber Co., Inc. v. Anglin, 6 Cir., 244 F.2d 72, certiorari denied 355 U.S. 821, 78 S.Ct. 28, 2 L.Ed.2d 37. We find no abuse of discretion on the part of Judge Taylor in making the transfer. The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer. A judge in his discretion may take this into consideration in determining if a transfer should be granted. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir.,185 F.2d 777; 1 Moore's Federal Practice 1766, Sec. 145(4.-2).
 
 
 10
 The sole question involved here is whether this action could have been brought in the first instance in the Mississippi district.
 
 
 11
 It is conceded that the corporate defendants were properly sued in the Tennessee district and that the action could have properly been brought against them in the Southern District of Mississippi. Sec. 22, Title 15 U.S.C.A.
 
 
 12
 Because of a number of conflicting opinions in the various circuits on the interpretation of the statute now under consideration, the Supreme Court granted certiorari in the Blaski case, supra. The purpose and meaning of the statute was clarified to a considerable extent. Specifically it was there held that a defendant could not confer jurisdiction on a transferee court by consent. The transferee court must have been an alternative forum wherein the action could have been brought in the first instance.
 
 
 13
 Notwithstanding the clear statements of the Court in the opinion in the Blaski case, in deciding the issue before it, it does not reach the problem presented by the seventy-two individual defendants in the case at bar. We find no authority directly in point on the question at issue.
 
 
 14
 Judge Taylor, in his opinion, said: 'Since the individual defendants are not before this Court, the question whether they could have been sued in Mississippi is no longer pertinent to the consideration of the motion to transfer.' The petitioners claim that because the action could not have been brought against the individuals in Mississippi, in the first instance, it cannot be transferred. It is conceded that none of the individual defendants could have been sued in the transferee court. They were not residents of either the transferor or transferee state. The record indicates that they were apparently made defendants under the mistaken belief that they could be served, as corporations are under Section 22, Title 15 U.S.C.A.
 
 
 15
 In Ex parte Collett, 337 U.S. 55, 60, 69 S.Ct. 944, 947, 959, 93 L.Ed. 1207, the Court said: 'Section 6 of the Liability Act (F.E.L.A.) defines the proper forum; section 1404(a) of the Code deals with the right to transfer an action properly brought.'
 
 
 16
 In Continental Grain Co. v. The Barge FBL-585 et al., 364 U.S. 19, 21, 80 S.Ct. 1470, 1472, 4 L.Ed.2d 1540, the Court said: 'Two weeks ago this Court decided in Hoffman v. Blaski * * * that this language bars transfer of a 'civil action' properly pending in one District Court to another in which that 'Civil action' could not have been brought because the defendant legally could not have been subjected to suit there at the time when the case was originally filed.' It seems that it is implicit in the consideration of a case for transfer that it be properly brought in the transferor court.
 
 
 17
 It is obvious that the action was not properly brought against the individuals in Tennessee and it is equally obvious that it could not have been properly brought against them in Mississippi. We conclude that Judge Taylor was correct in assuming that the individual defendants were not before the court. The fact that their names were listed as defendants on the complaint gave them no status as parties which should bar a transfer of the action.
 
 
 18
 To permit the transfer under the circumstances of this case is in accord with reason and justice.
 
 
 19
 We are asked to declare as a permanent rule of construction that one improperly joined as a defendant, one against whom a suit cannot be brought in the court of origin, can defeat a transfer, otherwise legal and proper. Such a technical and narrow construction, if adopted as a rigid rule, might be used to defeat the purpose of the statute, to allow transfers in the interest of justice.
 
 
 20
 Counsel for the plaintiff in the District Court action claims that since the individual defendants have been dismissed, the question has become moot and that there is now no bar to a transfer.
 
 
 21
 These defendants were dismissed by a notice of counsel for the plaintiff presumably intended to be in accordance with Rule 41(a)(1)(i) of F.R.C.P. 28 U.S.C. The text of the notice is 'Comes plaintiff, Leopard Roofing Company, and it appearing that the following individual defendants have not been served with process, hereby gives notice of its voluntary dismissal of this action as to the following defendants: * * *.'
 
 
 22
 The rule above referred to reads '* * * an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, * * *.' It was said in Harvey Aluminum, Inc. et al. c. American Cyanamid Co. et al., 2 Cir., 203 F.2d 105, 108, certiorari denied 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383: 'However, Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 provides that 'Parties may be dropped or added by order of the court on motion * * *' and we think that this rule is the one under which any action to eliminate Reynolds as a party should be taken.' See also: Weaver v. Marcus, 4 Cir., 165 F.2d 862, 175 A.L.R. 1305; 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 911.
 
 
 23
 We find no order of the court dismissing the individual defendants and it is questionable whether or not they have been properly dismissed. Furthermore, the authorities indicate that the question of transfer is to be determined on the status of the parties at the time the action is filed. Hoffman v. Blaski, supra; Continental Grain Co. v. Barge FBL-585 et al., supra. We have therefore not based our conclusion on the dismissal of the individual defendants.
 
 
 24
 The petition for writs of mandamus and prohibition will be dismissed. The order of this Court heretofore issued restraining the District Court from making the transfer is hereby vacated.