CITY PARTNERS, LTD.—MPR, a Florida limited partnership, Plaintiff,

v.

The BRADFORD COMPANY, a Maryland partnership, et al., Defendants.

No. 79–6533–Civ–CA.

United States District Court,
S. D. Florida,
Miami Division.

Feb. 8, 1980.

Dubbin, Schiff, Berkman & Dubbin, Miami, for plaintiff.

Houston, Faircloth, Cooper, Easthope & Kelley, Miami, Fla., for defendants.

ORDER TRANSFERRING CASE

ATKINS, Chief Judge.

THIS CAUSE is before the Court sua sponte for consideration of the transfer of this case to the United States District Court for the District of Maryland. Defendants

moved to dismiss this case for lack of in personam jurisdiction and the Court, in examining the jurisdiction question, became aware that there was an issue as to whether this case should be tried in Maryland. The Court issued an Order directing the parties to file memoranda on the "propriety and wisdom" of transferring this case to the Maryland District Court. See *Monsanto Co. v. United Gas Pipe Line Co.,* 360 F.Supp. 1054, 1056 (D.D.C.1973).

Plaintiff City Partners, a Florida limited partnership, seeks a declaration that it is entitled to a $50,000.00 escrow deposit under a contract for the sale of an apartment building. City alleges that it agreed to sell the property to the Bradford Company, a Maryland partnership, and that $50,000.00 held in escrow in South Florida was to be forfeited as damages for Bradford's failure to close the sale of the property. City also seeks a declaration of the rights of the parties under the sales contract, as they concern the disposition of the deposit, and City further seeks any supplemental relief necessary to insure the return of the deposit.

All defendants are residents of Maryland and the plaintiff is a Florida resident. The real property underlying this action is in Maryland, and the escrow deposit of $50,-000.00 is located in Florida. Defendants Bradford and Greenberg, the general partner of Bradford, do not have offices, agents, telephone listings or post office boxes in Florida. Negotiations for the sale of the property began in Washington, D.C. and centered around a real estate broker in Silver Springs, Maryland. Greenberg went to Florida on vacation and discussed the sale of the property with City's general partner during this trip. Negotiations continued, and Greenberg later executed the contract and a subsequent modification in Bethesda, Maryland. It is not known where City signed the various documents.

The parties agreed that the closing would occur in Rockville, Maryland. The contract provides that the contract is "controlled, construed and enforced in accordance with the laws of Maryland". Contract, para-graph 19(e). The parties provided that the $50,000.00 deposit would be held in Florida. Bradford has brought an action in Maryland state court that would resolve the issues raised by this action.

■ A District Court lacking personal jurisdiction may transfer a case to a District Court in which personal jurisdiction exists, under 28 U.S.C. § 1404(a) or § 1406. *United States v. Berkowitz,* 328 F.2d 358, 361 (3rd Cir. 1964); *see Dubin v. United States,* 380 F.2d 813, 815–816 (5th Cir. 1967); *Cf. Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (transfer under section 1406); *O'Neal v. Hicks Brokerage Co.,* 537 F.2d 1266 (4th Cir. 1976) (transfer under section 1406).

■ This Court makes no ruling on whether jurisdiction exists in this Court, because the conveniences and interests of justice of those involved indicate that this case should be tried in Maryland. The parties agreed that Maryland law would apply to the contract. Not only will the Court that decides this case have to refer to Maryland state law, the Court will also have to construe a recently enacted provision of the Montgomery County, Maryland Code. Additionally, despite City's attempt to characterize this case as a simple determination of the right to $50,000.00 in escrow in Florida, the case necessarily determines the rights of the parties to the apartment complex in Maryland. These factors localize the action in Maryland.

City argues that " . . . it has been widely held that the Plaintiff should *rarely* be deprived of the advantages of his chosen forum." In each of the four cases cited by City, however, the Court transferred the case despite plaintiff's choice of forum. See *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448 (2nd Cir. 1975), *cert. denied* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976); *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439 (2nd Cir. 1966); *Akers v. Norfolk & W. Ry. Co.,* 378 F.2d 78 (4th Cir. 1967); *Northwest Animal Hosp., Inc. v. Earnhardt,* 452 F.Supp. 191 (W.D.Okl.1977).

In consideration of the local nature of this case, the location of evidence, the public interests involved, and other factors outlined in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court finds that this case should be transferred to the United States District Court for the District of Maryland, and orders the Clerk to transfer the case.