774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernestine Thornton, Plaintiff-Appellant,
v.
Keith Walter, et al., Defendants-Appellees.
 No. 84-3817
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 S.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: JONES and CONTIE, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ernestine Thornton appeals from a judgment of the district court dismissing her action for negligence against defendant Keith Walter for lack of personal jurisdiction, contending on appeal that the district court erred by failing to sua sponte transfer, rather than dismiss, the case. For the reasons that follow, we affirm.
 
 I.
 
 2
 On October 8, 1982, Ernestine Thornton, a resident of Ohio, filed a complaint in U.S. District Court for the Southern District of Ohio against Keith Walter a resident of Canada, seeking $424,000 in damages as a result of injuries sustained in an October 23, 1981 automobile accident in Georgia. Thornton asserted that the court had subject-matter jurisdiction by virtue of diversity between the parties pursuant to 28 U.S.C. Sec. 1332(a)(2). On April 5, 1983, Thornton moved for default judgment, and on April 20, the district court entered a default judgment of $424,000 against Walter.
 
 
 3
 On January 11, 1984, Walter sought to vacate the default judgment and dismiss the action for lack of personal jurisdiction. On August 30, 1984, the district court vacated the default judgment and dismissed the case pursuant to Fed. R. Civ. P. 12(b)(2). The court found that even if it had jurisdiction, service of process by ordinary mail did not comply with any of the methods prescribed by Fed. R. Civ. P. 4(i). Thornton alleges that she has since filed a motion pursuant to Fed. R. Civ. Pro. 60(b)(1), seeking to set aside the dismissal and transfer the case pursuant to 28 U.S.C. Sec. 1404(a). The parties apparently agree that unless the case is transferred, the action will be barred by a Georgia period of limitations. Ga. Code Ann. Sec. 3-1004 (2 year).
 
 II.
 
 4
 Thornton cites both 28 U.S.C. Sec. 1404 and Sec. 1406 as authorizing transfer of this case. Section 1404(a) provides:
 
 
 5
 For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 
 Section 1406(a) provides:
 
 6
 The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
 
 
 7
 Sixth Circuit law is clear.
 
 
 8
 The law in this Circuit, therefore, is that Sec. 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction. This construction of Sec. 1406(a) necessarily limits the application of Sec. 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.
 
 
 9
 Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980). Therefore, we no longer consider Sec. 1404 since Thornton does not contest the district court's holding that personal jurisdiction is not proper in this case. As Martin makes clear, a district court may transfer a case pursuant to section 1406 regardless of whether personal jurisdiction exists. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Smith v. Peters, 482 F.2d 799, 802-03 (6th Cir. 1973), cert. denied, 415 U.S. 989 (1974); Taylor v. Love, 415 F.2d 1118, 1119 (6th Cir. 1969) cert. denied, 397 U.S. 1023 (1970); Koehring Company v. Hyde Construction Company, 324 F.2d 295, 297 (5th Cir. 1963).
 
 
 10
 It is clear that 'where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred.' Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 372 n.3 (2d Cir. 1966) (first emphasis added); Schiller v. MitClip Co., 180 F.2d 654, 655 (2d Cir. 1950); Watwood v. Barber, 70 F.R.D. 1, 9 (N.D. Ga. 1976); Mobil Corp. v. SEC, 550 F. Supp. 67, 69 (S.D. N.Y. 1982); Hite v. Norwegian Caribbean Lines, 551 F. Supp. 390, 393 (E.D. Mich. 1982); City Partners, Ltd. v. Bradford Co., 484 F. Supp. 538, 539 (S.D. Fla. 1980); Foremost Pipeline Construction Co., Inc. v. Ford Motor Company, Inc., 420 F. Supp. 647, 649 (D.S.C. 1976); Monsanto Company v. United Gas Pipe Line Company, 360 F. Supp. 1054, 1056 (D.D.C. 1973), aff'd, 489 F.2d 1272 (D.C. Cir. 1974). Whether transfer is appropriate is addressed to the discretion of the district court, and reversal is appropriate only for abuse of such discretion. Philip Carey Manufacturing Co. v. Taylor, 286 F.2d 782, 784 (6th Cir.), cert. denied, 366 U.S. 948 (1961); Taylor, 415 F.2d at 1121. The record does not reveal that the district court abused its discretion in declining, sua sponte, to transfer the case. Our disposition of this appeal is, of course, without prejudice with respect to the district court's consideration of appellant's motion pursuant to Fed. R. Civ. Pro. 60.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.