NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1159n.06

No. 11-3697

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 08, 2012*

DEBORAH S. HUNT, Clerk

COSMICHROME, INC.; 4136624 CANADA, INC.; )
GOLD TOUCH, INC., )
                                            )
      Plaintiffs-Appellants, )
                                            )    ON APPEAL FROM THE
v.                                      )    UNITED STATES DISTRICT
                                            )    COURT FOR THE NORTHERN
SPECTRA CHROME, LLC; DANIEL A. )    DISTRICT OF OHIO
MCLAUGHLIN; BROWN BROTHERS COLLISION )
REPAIR CENTER, INC.; JAMES HERBERT )
BROWN, )
                                            )
      Defendants-Appellees. )
                                            )

BEFORE: CLAY and WHITE, Circuit Judges; HOOD, District Judge.[*]

**HELENE N. WHITE, Circuit Judge.** Plaintiffs Cosmichrome, Inc., 4136624 Canada, Inc.,

and Gold Touch, Inc. (Plaintiffs), three corporations involved in the manufacture or sale of spray-on

chrome technology under the brand name Cosmichrome (Cosmichrome product), challenge the

district court's dismissal of their complaint. We AFFIRM the district court's dismissal insofar as

it was based on a finding that it lacked personal jurisdiction over Defendants, VACATE the district

court's dismissal insofar as it was entered with prejudice based on statute-of-limitations grounds, and

REMAND for entry of judgment dismissing this action without prejudice.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

No. 11-3697
*Cosmichrome, Inc. v. Spectra Chrome, LLC*

**I.**

This case centers on a dispute between competitors in spray-on chrome technology, a plating system designed to coat almost any surface with a durable, metallic finish. In July 2009, Gold Touch and 4136624 Canada filed suit in Ohio state court (the state court) against, *inter alia*, Spectra Chrome, a Florida-based company that markets a competing chrome product under its own name; Brown Brothers Collision Repair Center, Inc. (Brown Brothers), a Florida corporation that used to be a frequent customer of Cosmichrome product but was later discovered to have alleged ties to Spectra Chrome; and two Florida residents—a Brown Brothers shareholder and Spectra Chrome's founder (collectively, Defendants).

In their state-court complaint, Gold Touch and 4136624 Canada asserted claims against Defendants under Ohio's Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02, and common-law claims for product disparagement and defamation based on allegations that: (1) Spectra Chrome, in collusion with Brown Brothers, attempted to pass off Cosmichrome-plated samples to prospective customers as being sprayed with its own product; and (2) Spectra Chrome made false, defamatory, and misleading statements on its website about Cosmichrome product. In February 2010, the state court dismissed the action on Defendants' motion without prejudice based on a lack of personal jurisdiction over Defendants.[1]

One year later, in February 2011, Plaintiffs filed this action in the Northern District of Ohio against Defendants, asserting the same claims and nearly identical allegations that they had raised in state court, as well as a claim under section 45 of the Lanham Act, 15 U.S.C. § 1127, for deceptive

---

[1]Although the state court's order does not state the basis for dismissal, the parties agree that the dismissal was based on a lack of personal jurisdiction over Defendants.

and unfair competition.[2] On April 22, 2011, Defendants moved to dismiss this action under Federal

Rules of Civil Procedure 12(b)(2) and (6) for lack of personal jurisdiction and failure to state a claim

on three alternate grounds: (1) collateral estoppel precluded Plaintiffs from bringing this action

because the state court's dismissal of their prior action, which Defendants purported (and Plaintiffs

do not dispute) was based on a lack of personal jurisdiction in Ohio, was binding in federal court;

(2) even if the state-court decision did not have preclusive effect in federal court with respect to the

jurisdiction question, no personal jurisdiction exists over any defendant in Ohio; and (3) if the court

determines that personal jurisdiction exists, Plaintiffs' claims were time-barred on statute-of-

limitations grounds. It is undisputed that Plaintiffs' opposition was due by May 23, 2011, but they

failed to file one. *See* N.D. Ohio Local Civ. R. 7.1(d).

Three days after Plaintiffs' opposition was due, the district court granted Defendants' motion,

dismissed the action on all three grounds raised by Defendants, and entered a separate dismissal

order pursuant to Federal Rule of Civil Procedure 58. *See Cosmichrome, Inc. v. Spectra Chrome,

LLC*, 11-cv-422 (N.D. Ohio May 26, 2011). Plaintiffs timely moved to amend or alter the judgment,

pursuant to Federal Rule of Civil Procedure 59(e), on the basis that the district court erred in ruling

that their claims were time-barred. In the last sentence of their motion, Plaintiffs opined, without

further explanation, that "[s]ince the [c]ourt has determined that it does not have personal

jurisdiction over the Defendants, this case should be dismissed without prejudice or transferred to

---

[2]Section 45 of the Lanham Act is the act's definitions and legislative-intent provision. *See* Lanham Act, Pub. L. No. 79-489, § 45, 60 Stat. 443 (1946) (codified as amended at 15 U.S.C. § 1127). In their opening appellate brief, Plaintiffs now assert that their Lanham Act claim arises under section 43(a), which is codified at 15 U.S.C. § 1125, based on Spectra Chrome's alleged false designation of the origin of its samples to prospective customers.

No. 11-3697
*Cosmichrome, Inc. v. Spectra Chrome, LLC*

the Middle District of Florida." PID 209–10 (R. 18).  The district court denied Plaintiffs' Rule 59(e)

motion.  This timely appeal followed.

**II.**

We review de novo a district court's dismissal for lack of personal jurisdiction and for failure

to state claim.  *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 664 (6th Cir.

2005).  A plaintiff's failure to oppose dismissal in the district court ordinarily waives an appellate

challenge, *see, e.g.*, *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008)

(unpublished); *Kusens v. Pascal Co.*, 448 F.3d 349, 368 (6th Cir. 2006); *Williams v. WCI Steel Co.*,

170 F.3d 598, 607 (6th Cir. 1999) (per curiam), and raising an issue for the first time in a

post-dismissal Rule 59(e) motion does not properly preserve a plaintiff's arguments for appeal,[3] *see*

*Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007); *Thurman v. Yellow Freight*

*Sys., Inc.*, 97 F.3d 833, 835 (6th Cir. 1996).  Nevertheless, the district court did not grant

Defendants' motion to dismiss based on a finding that Plaintiffs had waived opposition to dismissal.

We exercise our discretion to consider Plaintiffs' arguments in this appeal to promote finality in this

litigation as the issues require no further factual development and have been sufficiently presented

for our review.  *See In re Morris*, 260 F.3d 654, 664 (6th Cir. 2001).

On appeal, Plaintiffs abandon any challenge to the district court's dismissal of their

complaint on the basis that it lacked personal jurisdiction over Defendants.  Therefore, the district

---

[3]Plaintiffs do not challenge the district court's denial of their Rule 59(e) motion, expressly abandon their Lanham Act claim in their opening appellate brief, and raise no identifiable argument that their common-law product disparagement claim is timely aside from referencing that claim in passing in an argument heading.  As a result, they have waived these issues for our review.  *See* Fed. R. App. P. 28(a)(9); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010); *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003).

court's personal-jurisdiction ruling "stands for purposes of this appeal," *White Oak Prop. Dev., LLC v. Wash. Twp., Ohio*, 606 F.3d 842, 854 (6th Cir. 2010), and we affirm the district court's dismissal on this basis. However, having found that it lacked personal jurisdiction over Defendants, the district court erred in proceeding any further by ruling that Plaintiffs' claims were time-barred on statute-of-limitations grounds and dismissing their complaint with prejudice. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (citation, ellipses, and internal quotation marks omitted)); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) ("[T]his circuit's caselaw instructs that even if the district court had been correct in concluding that it lacked personal jurisdiction over [the defendants], the court's dismissal on that ground should have been without, not with, prejudice."); *Intera Corp. v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005) ("[D]ismissals for lack of personal jurisdiction should be made 'without prejudice.' . . . Furthermore, upon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits, especially when it appears that another court with appropriate jurisdiction may resolve the issues between the parties."). Thus, having determined that it lacked personal jurisdiction over Defendants, the district court should have either dismissed the action without prejudice, *see Intera Corp.*, 428 F.3d at 620, or, in the interest of justice, transferred it to a court that has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1406(a) or 1631, *see Roman v. Ashcroft*, 340 F.3d 314, 328–29 & n.11 (6th Cir. 2003).

Plaintiffs argue that the district court erred in failing to transfer this case to the Middle District of Florida. We review a district court's decision to dismiss a complaint, rather than transfer

No. 11-3697
*Cosmichrome, Inc. v. Spectra Chrome, LLC*

the case, for abuse of discretion. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Because Plaintiffs never moved for a transfer, they cannot now contend that the district court abused

a discretion that it was never asked to exercise.[4] *See Allstate Ins. Co. v. Green*, 831 F.2d 145, 148

(6th Cir. 1987) ("We cannot charge the district judge with having abused a discretion she was never

asked to exercise[.]").  Although a district court has the power to sua sponte transfer a case, in

deciding whether to grant Defendants' motion to dismiss there was no reason for the district court

to presume that Plaintiffs wanted their case transferred to the Middle District of Florida.  This is

particularly the case because Plaintiffs did not seek a transfer and chose to file this action in the

Northern District of Ohio after their prior state-court action had been dismissed based on the lack

of personal jurisdiction.  *See Erdman v. Erdman*, 173 F.3d 854, 1999 WL 183405, at *1 (6th Cir.

Mar. 16, 1999) (table decision) ("[The plaintiff] contends that the district court should have sua

sponte transferred the case to Texas, or allowed him time to make a transfer motion.  As [the

plaintiff] chose to file the case in Michigan, rather than in Texas, there was no reason for the district

court to presume that [he] wanted the case transferred."); *Caldwell v. Palmetto State Sav. Bank of

S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam) (ruling that a district court did not abuse its

discretion in failing to sua sponte order a transfer); *Thornton v. Walter*, 774 F.2d 1164, 1985 WL

13711, at *2 (6th Cir. Sept. 17, 1985) (per curiam) (table decision) (same).

---

[4]We do not preclude the possibility that a district court's failure to sua sponte transfer a case may constitute an abuse of discretion where the interest of justice clearly warrant a transfer, *cf. Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." (citations omitted)), and the court was aware of such circumstances. But, we need not reach this question here because no compelling reason for a transfer was raised.

Moreover, in the last sentence of their Rule 59(e) motion, Plaintiffs asserted for the first time, without further explanation, that "this case should be dismissed without prejudice *or* transferred." In other words, Plaintiff failed to advance any argument in the district court that a transfer was the only appropriate option. Given these circumstances, we find no abuse of discretion insofar as the district court declined to transfer this case.

**III.**

For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND for entry of judgment dismissing this action without prejudice.