Hobert M. O'NEAL et al., Appellants,

v.

HICKS BROKERAGE COMPANY and George B. Wolfe, Inc., of which Hicks Brokerage Company is, Appellee.

No. 75–2280.

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1976.

Decided July 21, 1976.

Martin S. Driggers, Hartsville, S. C. (Saleeby, Saleeby & Cox, Hartsville, S. C., on brief), for appellants.

Hugh L. Willcox, Florence, S. C. (Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck, Florence, S. C., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and CLARKE, District Judge.*

* Sitting by designation.

CLARKE, District Judge:

This appeal is taken from the Order of the District Court of South Carolina dismissing Hicks Brokerage Company [hereinafter referred to as "Hicks"] as a party defendant. With the assistance of extensive discovery, the District Court concluded that defendant Hicks had insufficient South Carolina contacts to require the corporation to litigate plaintiffs' claims in a South Carolina court.

This suit arose out of an accident between two trucks in the northern part of North Carolina on January 4, 1972. Plaintiff O'Neal was the driver of one of the trucks which was owned by plaintiff Fitchett Sales Company, Inc. [hereinafter referred to as "Fitchett"]. Plaintiff Snipes was a passenger in the truck driven by O'Neal. James W. Waddell, a resident of Mississippi, was operating the other truck which was owned by Kelly Stanley, also a resident of Mississippi. Plaintiff's truck was carrying motor boats. Stanley's truck was transporting cotton from Mississippi to Virginia.

Seeking damages for both property loss and personal injuries, O'Neal, Snipes and Fitchett filed this action in the United States District Court of South Carolina on July 19, 1974, against Hicks and George B. Wolfe, Inc. The Complaint alleged that Hicks was negligent in selecting the owner and operator of the truck carrying cotton. O'Neal and Snipes are residents of South Carolina and Fitchett is incorporated under the laws of South Carolina with its principal place of business in South Carolina. Hicks is incorporated and has its principal place of business in the State of Mississippi.

The issue on appeal is whether the District Court erred in finding that Hicks did not have sufficient contacts in the State of South Carolina for the courts of South Carolina to exercise in personam jurisdiction. Subsumed in this issue is whether the District Court applied the appropriate legal test in ascertaining the sufficiency of Hicks' contacts for jurisdictional purposes.

Hicks is a brokerage company hired to arrange for the transportation of cotton from Mississippi to several other states. Hicks does not own or operate the trucking equipment involved in the accident nor is it in the business of operating trucks. Hicks arranged with Stanley for the transportation of the cotton. The corporation does not maintain any offices in South Carolina. Discovery established that Hicks does not list its services with any publication distributed or available for purchase in South Carolina. The Mississippi corporation does not advertise or solicit business in South Carolina. Sales personnel are not employed to acquire brokerage business in South Carolina. Hicks' sole nexus to South Carolina is through its business relationship with a South Carolina corporation residing in Spartanburg, South Carolina. The South Carolina corporation's local representative in Mississippi contacted Hicks in that state and made arrangements for the transportation of cotton to South Carolina. The record reflects that a large portion of cotton purchased by the South Carolina corporation was shipped from Mississippi to Louisiana. From 1971 through 1974, Hicks secured the transportation for cotton to South Carolina on approximately ninety (90) occasions. However, these arrangements were always made in Mississippi with trucking firms there. Hicks' most extensive contacts with the South Carolina corporation were telephone calls between them to check the dates when cotton had been shipped. The commissions received by Hicks for its brokerage services relating to cotton shipped to South Carolina did not exceed ten thousand dollars.

*International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, provides the litmus standard for judging when a state may exercise *in personam* jurisdiction over a foreign corporation. The Court must scrutinize the quality and nature of the corporation's contacts with the forum state and the fairness of requiring it to proceed there consonant with the requisites of due process. *International Shoe Co., supra,* at 319, 66 S.Ct. 154; *Lee v. Walworth Valve Company,* 482 F.2d 297 (4th Cir. 1973). South Carolina has extend-

ed the jurisdiction of its courts to the outer perimeter allowed by due process. *Triplett v. R. M. Wade & Co.,* 261 S.C. 419, 200 S.E.2d 375, 378–79 (1973); *Shealy v. Challenger Mfg. Co.,* 304 F.2d 102, 107 (4th Cir. 1962). This Circuit has reviewed in recent years the questions of the sufficiency of state contacts necessary for *in personam* jurisdiction and the fairness of requiring a foreign corporation to litigate in the courts of South Carolina. *Lee v. Walworth Valve Company,* 482 F.2d 297 (4th Cir. 1973); *Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745 (4th Cir. 1971). Emanating from those decisions is the rule that the sufficiency of contacts threshold is elevated when the cause of action does not arise in the forum state or derive from the foreign corporation's transactions in the state.

In *Ratliff,* the Court was presented with non-South Carolina citizens seeking to maintain an action in South Carolina District Court against two pharmaceutical companies for injuries occurring in other states. Although cognizant of the companies' minimum contacts in the state, we concluded that the suit could not be maintained in South Carolina because the injury did not arise out of activity in the forum state. This decision was dictated by the fact that South Carolina had no nexus and plaintiffs were attempting to avail themselves of South Carolina's lengthy statute of limitations.

In *Lee,* in contrast to *Ratliff,* we held that suit could be maintained in South Carolina by the executrix of an estate whose decedent was killed on the high seas. The executrix was a citizen and resident of South Carolina as was the decedent. Although recognizing that the cause of action did not occur in the forum state, we nevertheless concluded that South Carolina had a paternal interest in the recovery by one of its citizens of appropriate compensation. *Lee, supra* at 299. Walworth Company did not maintain an office in South Carolina, owned no property in the state, and had no resident sales personnel. Walworth, however, sent sales personnel to South Carolina soliciting business for approximately eighty

(80) days annually. This factor coupled with sales exceeding one hundred thousand dollars annually led us to conclude that Walworth's contacts were sufficient to fall within the ambit of *in personam* jurisdiction of South Carolina.

▪ Applying these standards to this appeal, we hold that Hicks' contacts with South Carolina are *de minimis.* The sole thread linking Hicks to South Carolina is arranging for the transportation of cotton to South Carolina. These transactions were conducted in Mississippi with the Mississippi agent of a South Carolina entity. Over a three-year period, these transactions occurred intermittently resulting in meager remuneration. Hicks has never operated or established its "presence" in South Carolina. The Court believes that Hicks' contacts are too attenuated to confer jurisdiction upon the District Court of South Carolina. Furthermore, the countervailing consideration of fairness to be placed in the scales when weighing the substantiality of Hicks' contacts are insufficient. Although the plaintiffs are residents of South Carolina, the cause of action arises in North Carolina. North Carolina law will apply and witnesses concerning the happening of the accident are available in North Carolina. In contrast to the plaintiffs in *Lee* —where the cause of action occurred at sea—the situs of the cause of action is undisputed. The fairness required by due process would be abrogated if we permitted Hicks to be subject to the jurisdiction of the South Carolina courts.

▪ The order of the district court granting the motion to quash service of process is affirmed, but its order dismissing the suit is vacated and this case is remanded to afford the appellants an opportunity to move for transfer of the case to a district where it could have been brought. *See* 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Taylor v. Love,* 415 F.2d 1118, 1120 (6th Cir. 1969); *Mayo Clinic v. Kaiser,* 383 F.2d 653, 655 (8th Cir. 1967); *Dubin v. United States,* 380 F.2d 813 (5th Cir. 1967); *Miles v. Charles E. Smith Companies,* 404 F.Supp.

467 (D.Md.1975); *Robinson v. Carroll,* 318 F.Supp. 527, 528–29 (M.D.N.C.1970).

The appellees, having substantially prevailed, shall recover their costs. The judgment of the district court is affirmed in part, vacated in part, and remanded for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.