FOREMOST PIPELINE CONSTRUC-
TION COMPANY, INC., Plaintiff,

v.

FORD MOTOR COMPANY, INC. and
Williams Ford Tractor Company,
Inc., Defendants.

Civ. A. No. 75–1444.

United States District Court,
D. South Carolina,
Columbia Division.

Aug. 16, 1976.

E. Pickens Rish, and William P. Walker,
Jr., Lexington, S. C., for plaintiff.

J. Means McFadden, of Robinson, McFad-
den, Moore & Pope, Columbia, S. C., for
Ford Motor Co.

Hoover C. Blanton, of Whaley, McCutch-
en & Blanton, Columbia, S. C., for Williams
Ford Tractor Co., Inc.

## ORDER ON DEFENDANT WILLIAMS FORD TRACTOR COMPANY'S MOTION TO DISMISS

HEMPHILL, District Judge.

Plaintiff in this action claims damages as
a result of alleged defects in certain trac-
tors and attachments which it purchased
from defendant Williams Ford Tractor
Company, Inc.,[1] an authorized dealer and
agent of Ford Motor Company, Inc. char-

---

1. It appears that Williams Ford Tractor Com-
pany, Inc., should properly be designated as
Williams Ford Tractor Sales, Inc., since the
latter corporation is successor to and has as-
sumed all the assets and liabilities of Williams
Ford Tractor Co., Inc. For purposes of conve-
nience in this motion, however, defendant will
be referred to by the name used in the com-
plaint and the present caption of this case.

tered under the laws of the State of Georgia and having its sole place of business in Columbus, Georgia. The case was removed to this court from the Court of Common Pleas for Lexington County, where it was commenced by delivery of a copy of the summons and complaint to the Secretary of the State of South Carolina, who forwarded the summons and complaint by registered mail to the defendant Williams Ford Tractor Company, Inc. Defendant Williams Ford Tractor Company, Inc., has now moved to dismiss the action pursuant to Rule 12(b)(2) on the ground that this court lacks *in personam* jurisdiction.

The facts relevant to the disposition of this motion are fairly simple. Defendant is a Georgia corporation whose sole place of business is located in Columbus, Georgia. Defendant sold to plaintiff, a Lexington, South Carolina, corporation, two Ford tractors and various attachments (backhoes, buckets and loaders) while plaintiff was engaged in a construction job on a site in Columbus, Georgia. The purchase of the equipment was negotiated and completed at defendant's place of business in Columbus, Georgia, although one document related to financing, a Ford Motor Credit Company form, was apparently mailed to plaintiff's address in Lexington, South Carolina and executed there. It further appears that on approximately two occasions prior to the date the tractors were purchased, and on approximately three occasions thereafter, defendant mailed to plaintiff's address in Lexington, South Carolina bills for equipment furnished or services rendered for plaintiff in Columbus, Georgia. Plaintiff also contends that, during the course of the negotiations for the sale of the tractors in question and at certain other times, defendants' representatives contacted plaintiff by telephone at its Lexington, South Carolina headquarters.

■ The question presented by this motion is whether defendant has sufficient contacts with the State of South Carolina to allow this court to exercise *in personam* jurisdiction over it without violating the principles of due process established in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1943). Jurisdiction under the South Carolina Long Arm Statute, South Carolina Code Annotated, Section 10.2–802 (1962), has been extended to the outermost limit permissible under the due process clause. *Triplett v. R. M. Wade & Co.,* 261 S.C. 419, 200 S.E.2d 375, 378–79 (1973); *Shealy v. Challenger Mfg. Co.,* 304 F.2d 102, 107 (4th Cir. 1962).

■ From the affidavits and documents furnished to the court by the parties, it can be fairly concluded that defendant Williams Ford Tractor Company, Inc., has no apparent relationship with the State of South Carolina other than its business dealings with plaintiff, almost all of which seem to be collateral to the sale of the allegedly defective tractors involved here. Defendant's sole place of business is located in Columbus, Georgia, and it does not solicit business or maintain any personnel or agents in South Carolina at any time. Indeed, the only contacts which defendant has had with Foremost Pipeline Construction Company, Inc., were initiated by representatives of the plaintiff corporation at defendant's place of business in Columbus, Georgia. The most extensive contacts which defendant may have had with the State of South Carolina are a small number of telephone conversations placed from Columbus, Georgia, to plaintiff's office in Lexington, South Carolina and the mailing of several bills from Columbus, Georgia, to plaintiff in Lexington, South Carolina, such bills being for equipment and services provided to plaintiff at its Georgia job site. The sale in question in this action also must be regarded as having taken place in Columbus, Georgia, with its only visible and documented connection with South Carolina being the execution of a Ford Motor Credit Company financing statement for the tractors by plaintiff's president at his Lexington, South Carolina office.

In a recent decision, the Fourth Circuit Court of Appeals referred to its prior opinions in *Lee v. Walworth Valve Co.,* 482 F.2d 297 (4th Cir. 1973) and *Ratliff v. Cooper*

*Laboratories, Inc.*, 444 F.2d 745 (4th Cir. 1971) and stated:

Emanating from those decisions is the rule that the sufficiency of contacts threshold is elevated when the cause of action does not arise in the forum state or derive from the foreign corporation's transactions in the state.

*O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266 (4th Cir. 1976). In this case, it is clear that the cause of action alleged arose not from defendant's transactions in South Carolina but rather from plaintiff's purchase of defendant's equipment in Georgia. The claim for alleged defects in the tractors which plaintiff purchased in Georgia must be regarded as having arisen in that state. The principal connections which this litigation has with South Carolina thus are plaintiff's local residence and its desire to litigate its claim in its home state. While this desire is understandable, it is insufficient in the circumstances of this case to justify this court's exercise of in personam jurisdiction over Williams Ford Tractor Co., Inc.

The record in this case is susceptible of no other conclusion than that defendant's contacts with the State of South Carolina are *de minimis* and insufficient to justify the exercise of jurisdiction consistent with long established principles of due process. Since defendant's contention that this court lacks *in personam* jurisdiction is correct, the court is inclined to grant defendant's motion to dismiss the action. The opinion of the Fourth Circuit in *O'Neal v. Hicks, supra,* indicates, however, that the Fourth Circuit has adopted the view that a district court which lacks *in personam* jurisdiction over a defendant can nevertheless order a transfer of venue to the proper district pursuant to 28 U.S.C. § 1406(a). Defendant Williams Ford Tractor Company, Inc.'s, motion to dismiss this action against it for lack of *in personam* jurisdiction therefore is granted, unless within fifteen (15) days from the date of this order plaintiff shall move this court for an order transferring this action to a district or division in Georgia in which it could have been brought.

AND IT IS SO ORDERED.