**379**

Larry Steve BROADWAY, Administrator of the Estate of Steve Brice Broadway, Thomas Arnold McGee, Administrator of the Estate of Billy Charles Broadway, Barbara B. Hardin, Administratrix of the Estate of Michael Grover Hardin, and Jeanette B. Hall, Administratrix of the Estate of Bobby Allen Hall, Plaintiffs,

v.

J. W. WEBB, d/b/a Webb Aviation and P. S. Ferguson, d/b/a Ferguson Field, Bryson City, North Carolina, Defendants.

Civ. A. No. 78–1324.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 6, 1978.

George C. Kosko, Columbia, S. C., and Donald H. Holland, Camden, S. C., for plaintiffs.

Richard B. Watson, of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for J. W. Webb d/b/a Webb Aviation and Esther M. Ferguson.

## ORDER ON MOTION OF DEFENDANT WEBB TO DISMISS FOR WANT OF PERSONAL JURISDICTION

HEMPHILL, District Judge.

Defendant Webb moves for dismissal of this action for want of personal jurisdiction. Upon examination of the facts incident to the question, the court grants the motion. Webb's affidavit, filed in support of the motion is uncontroverted and shows Webb has no contact with South Carolina now, or in the past.

This is a diversity action sounding in tort and arises out of an airplane accident that occurred in North Carolina. Jurisdiction of the subject matter would lie in the federal courts by virtue of 28 U.S.C. § 1332(a)[1].

1. 28 U.S.C. § 1332(a) provides: Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

Jurisdiction of the person of movant does not lie in South Carolina by virtue of the following:

All plaintiffs are citizens and residents of South Carolina. Defendant, J. W. Webb, is a citizen and resident of the State of Texas where he operates his principal place of business, Webb Aviation.[2] The cause of action allegedly arose near Bryson City, North Carolina on August 9, 1976. At that time, Harold Kenneth Herron was flying a 1976 Cessna Sky Hawk aircraft owned by and rented from Webb. While flying the aircraft, with plaintiffs' intestates aboard, Herron departed Ferguson Field near Bryson City, North Carolina and crashed approximately two (2) miles from the end of the runway in the mountains of North Carolina, killing the plaintiffs' intestates, all residents of North Carolina. So far as the record reveals none of the factors involved in this incident had even the remotest connection with the State of South Carolina.

At the time Webb transacted business as Webb Aviation, an unincorporated entity, with offices and principal place of business being located in Harris City, Texas. He was engaged in the business of flight training and aircraft rental. At no time prior to the commencement of this action[3] did Webb or Webb Aviation transact any business in the State of South Carolina, nor did it maintain any agent in this state for the transaction of its business. Neither Webb nor Webb Aviation has ever owned, occupied, or leased any real property in the State of South Carolina, nor has either party owned any personal property in this state. Furthermore, neither Webb nor Webb Aviation has ever advertised or distributed advertising materials in the State of South Carolina.

■ The question of whether a state court, or a Federal district court sitting within a state, may validly require a nonresident defendant to face suit in its forum is a two-fold one: (1) Whether the state's long-arm statute is broad enough to assert jurisdiction over the particular defendant, and (2) if so, whether such an exercise of *in personam* jurisdiction would be consonant with the requirements of the Due Process Clause of the Constitution. *Hardy v. Pioneer Parachute Co.*, 531 F.2d 193 (4th Cir. 1976). In South Carolina, the first question collapses into the second. South Carolina's long-arm statute, South Carolina Code, § 36–2–802, has been interpreted as expanding "the jurisdictional reach of its courts to the full extent of the Due Process of the United States Constitution." *Bass v. Harbor Light Marina, Inc.*, 372 F.Supp. 786 (D.S.C.1974). It appears that the intent of the statute is to bring any person, individual or corporation, who by his conduct creates a cause of action against himself in this state, before the courts of the state. The practical basis of this intent lies in the recognition that a plaintiff ordinarily ought to be entitled to try his case where the facts occurred, where witnesses reside and where the local law is to be applied, and his choice of forum, on balance, should be honored.

The jurisdictional limits of the due process clause are found in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. The United States Supreme Court there held that personal jurisdiction can be exercised over a non-resident only if such non-resident has certain "minimum contacts" with the forum state. This due process standard was most recently explained by the United States Supreme Court in the case of *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In this case the Court held that, in order for the

(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

2. The Marshal's return shows he was served in Houston.

3. The complaint was filed August 8, 1978.

defendant's contacts with the forum state to be of such a character that they could be considered "minimal" under the *International Shoe* test, "it is essential in each case that there be some act by which the defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Id.* at 253, 78 S.Ct. at 1240. The *Hanson* court also held that due process restrictions on personal jurisdiction are not merely "a guarantee of immunity from inconvenient or distant litigation" but are "a consequence of territorial limitations on the power of the respective State." *Id.* at 251, 78 S.Ct. at 1231.

■ In analyzing defendant Webb's relationship with South Carolina under the standards established by *International Shoe* and *Hanson* and more recently applied in the case of *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266 (4th Cir. 1976), it becomes evident that to hold Webb within the jurisdiction of the South Carolina courts would clearly violate his right to due process guaranteed by the Constitution. *O'Neal* involved a suit brought by South Carolina plaintiffs against a Mississippi corporation over an accident which occurred in North Carolina. The activities of the Mississippi corporation included shipping cotton to a business in South Carolina. From 1971, through 1974, the Mississippi corporation's sole nexus to South Carolina was its ninety (90) shipments within the latter state. The corporation maintained no offices nor did it advertise or solicit business within the forum state. The Court reviewed the case law in this area beginning with *International Shoe* and finishing with *Lee v. Walworth Valve Co.*, 482 F.2d 297 (4th Cir. 1973), and came to the conclusion that:

> Emanating from these decisions is the rule that the sufficiency of contacts

threshold is elevated when the cause of action does not arise in the forum state or derive from the foreign corporation's transactions in the state. 537 F.2d at 1268.

The Court went on to find that the Mississippi's corporation's contacts with South Carolina were *de minimis* and too attenuated to confer jurisdiction upon the District Court in South Carolina. Thus, jurisdiction was denied.

In the present case, defendant Webb had substantially fewer connections with South Carolina than did the defendant corporation in *O'Neal*. As in *O'Neal*, the defendant in the present case neither maintained offices nor advertised or solicited business in South Carolina.

## CONCLUSION

Basic policy considerations of fair play and substantial justice dictate that a court be reluctant to open its doors to a cause of action arising out of state when, as in this case, a non-resident party has no connection whatsoever with the forum state. For these reasons, this court follows the Fourth Circuit precedent as established in *O'Neal* and defendant's Motion to Dismiss for lack of jurisdiction is granted.

AND IT IS SO ORDERED.