LaVera M. PENNINGTON, Plaintiff,

v.

McDONNELL DOUGLAS CORP., et al., Defendants.

Civ. A. No. 83–288–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 14, 1983.

---

Joseph L. Lyle, Jr., Pickett, Lyle, Siegel, Drescher & Croshaw, Jeremiah A. Denton, III, Virginia Beach, Va., for plaintiff.

Joel A. Kolodny, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for Martin-Baker.

Paul Swanson, Perkins, Coie, Stone, Olsen, & Williams, Seattle, Wash., for McDonnell-Douglas.

## ORDER

DOUMAR, District Judge.

The defendant, Martin-Baker Aircraft Co., Ltd. (hereinafter Martin-Baker), moves to dismiss this action against it on the grounds of lack of *in personam* jurisdiction. Martin-Baker contends that (1) the Virginia long arm statute does not reach this defendant under the facts of the case, and (2) asserting personal jurisdiction over Martin-Baker would violate due process.

The plaintiff, LaVera M. Pennington, a citizen of Virginia, is the executrix of the estate of her deceased husband who died when his Navy aircraft crashed into the Mediterranean Sea. Martin-Baker is an English company and is the leading manufacturer of aviation ejection seats in the western world. Subject matter jurisdiction is founded on diversity of citizenship, and the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.*

The plaintiff alleges that negligence on the part of the numerous defendants caused the crash of the aircraft which her husband was flying. Concerning Martin-Baker, the plaintiff alleges that the ejection seat in the aircraft, manufactured by Martin-Baker, did not function properly and was a cause of the decedent's inability to survive the crash.

In support of its motion to dismiss, Martin-Baker alleges that it is a foreign corporation with only minor contacts with the Commonwealth of Virginia. The ejection seats are designed and manufactured pursuant to detailed specifications supplied by manufacturers of military equipment.

These seats are completely assembled in the United Kingdom, and delivered to American customers F.O.B. London. Martin-Baker states that it loses complete control when the seats leave London, and is not aware of their ultimate destination.

Two agents of Martin-Baker reside in Virginia. One individual, Paul Dugan of Falls Church, Virginia, is a retired Navy civilian employee and is described as Martin-Baker's "Washington representative". A second agent, G.J. Boughey, is the company's aviation technical representative for the East Coast, and has resided in Norfolk, Virginia, as a tech rep since 1969. Boughey is responsible for helping the Navy overcome technical problems with the seats. The Martin-Baker ejection seats for naval aircraft are repaired and maintained by the Naval Air Rework Facility in Norfolk (hereinafter NARF). NARF also purchases spare parts from the company in connection with the overhaul of the ejection seats. Martin-Baker discounts the importance of Boughey, claiming that his duties are dictated entirely by a contract between the United States Navy and Martin-Baker. The defendant insists that these contacts are insufficient to provide a basis for this Court to assert personal jurisdiction. For the reasons stated herein, the motion to dismiss is DENIED.

## I.

The plaintiff seeks to obtain jurisdiction over Martin-Baker by utilizing the Virginia Long Arm Statute. *See* Fed.R.Civ.P. 4(e) (permitting the use of state law to serve process in federal court actions). A copy of the complaint was served upon the Secretary of the Commonwealth in accordance with *Va.Code* § 8.01–301(3). That section provides for substituted service upon the Secretary where the Virginia long arm statute, Va.Code § 8.01–328.1, permits jurisdiction.

■ It seems clear, however, that the long arm statute is inapposite. Subsections A(1)–(3) of the statute provide for the exercise of jurisdiction when the cause of action arises out of either transacting business in the state, a contract entered into in the state, or an act or omission occurring within the state.[1] The discovery period preceding this motion has produced a wealth of information pertaining to the contacts Martin-Baker has with this jurisdiction, but no facts from which a court at this time could base a finding that the plaintiff's injury arose out of activity, or an act or omission, occurring within this district. The plaintiff offers only conclusory allegations that Boughey failed to locate and correct the cause of the seat's malfunction without alleging specific facts to support

1. The relevant portion of the Virginia Long Arm Statute provides as follows:

§ 8.01–328.1. *When personal jurisdiction over person may be exercised.*—A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
1. Transacting any business in this Commonwealth;
2. Contracting to supply services or things in this Commonwealth;
3. Causing tortious injury by an act or omission in this Commonwealth;
4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;
5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside

this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

\*　\*　\*　\*　\*　\*

B. When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him; provided, however, nothing contained in this chapter shall limit, restrict or otherwise affect the jurisdiction of any court of this State over foreign corporations which are subject to service of process pursuant to the provisions of any other statute. (Code 1950, § 8–81.2; 1964, c. 331; 1977, c. 617; 1978, c. 132; 1981, c. 6; 1982, c. 313; 1983, c. 428.)

the conclusion. "The burden of proving jurisdictional facts rests upon the plaintiff." *Haynes v. James H. Carr, Inc.,* 427 F.2d 700, 704 (4th Cir.1970). The plaintiff has fallen woefully short in meeting his burden.

Having failed to prove at this time that the cause of action arose out of Martin-Baker's in-state activity, the only subsections of the statute which could apply are (a)(4) and (5). Those subsections read:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ...

> , \* \* \* \* \* \*

> (4) causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;

> (5) causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

*Va. Code* § 8.01–328.1(a)(4) and (5).

The fact that the qualifier "tortious" is present in subsection A(4) but missing in A(5) need not concern this Court. The word "tortious" is "something of a misnomer, since whether or not the injury was tortious is generally the fact at issue." *St. Clair v. Righter,* 250 F.Supp. 148, 150 (W.D.Va.1966). Whether this Court may assert jurisdiction pursuant to A(4) or (5), therefore, turns on whether injury has occurred in Virginia.

The plaintiff stresses that the Virginia Wrongful Death Act and the Death on the High Seas Act award damages to the survivors of the decedent, and thus injury has occurred in Virginia. This argument has been specifically rejected by the Fifth Circuit Court of Appeals. *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1268 (5th Cir. 1981). Wrongful death acts may grant relief for intangible injury to the survivors, but "[t]he tortious injury ... is the death of the decedent, not the economic consequences that flow from his death." 652 F.2d at 1268. The Court finds the interpretation of the fifth circuit eminently reasonable. Injury to the plaintiff has not occurred in Virginia, and therefore subsections A(4) and (5) are not applicable. Since the remaining subsections clearly do not apply, the plaintiff has failed to demonstrate that this Court has power to adjudicate the rights of Martin-Baker pursuant to Virginia's Long Arm Statute.

## II.

Although the plaintiff cannot avail herself of the long arm statute, personal jurisdiction over Martin-Baker can still be accomplished pursuant to Title 13 of the Virginia Code. Section 13.1–119 addresses the problem of corporations who transact business within the state without a certificate of authority.

> \* \* \* \* \* \*

> If any foreign corporation shall transact business in this State without a certificate of authority, it shall by transacting such business be deemed to have thereby appointed the clerk of the Commission its attorney for service of process. Service shall be made by leaving two copies of the process, notice, order or demand, together with the fee required by law, in the office of the clerk of the Commission, together with an affidavit giving the latest known post-office address of the defendant and such service shall be sufficient if notice of such service and a copy of the process, notice, order or demand are forthwith sent by registered mail, with return receipt requested, by the

872

clerk of the Commission or one of his staff to the defendant at the specific address. An affidavit by the clerk of the Commission showing compliance herewith shall be filed with the papers in the suit, action or proceeding.

The corporation which engages in business in the Commonwealth so as to enjoy the protections of its laws thereby subjects itself to the jurisdiction of the Commonwealth. *Eure v. Morgan Jones & Co.*, 195 Va. 678, 79 S.E.2d 862 (1954).

### A.

It is true that the plaintiff attempted service upon Martin-Baker by serving the Secretary of the Commonwealth pursuant to § 8.01–329, and thus did not comply with the requirements of § 13.1–119. Under the decision of the Fourth Circuit Court of Appeals in *World Carriers, Inc. v. Bright*, 276 F.2d 857, 860 (4th Cir.1960), service upon the Secretary instead of the Clerk of the Corporation Commission is ineffective. The defect is cured, however, by § 8.01–288 which states that "[e]xcept for the process commencing actions for divorce or annulment of marriage, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." The Revisers' Note of the 1977 recodification makes it clear that the present statute amended in 1977 a former statute in such a manner to make its terms specifically apply to corporations when it did not do so prior thereto. The amendment to § 8.01–288 now moots any questions of proper form of service. Provided the defendant has received the process and the action is not one for divorce or annulment, how the process comes to the defendant's attention is no longer of any consequence in Virginia.

### B.

The only prerequisite of § 13.1–119 is that the corporation sought to be served must be transacting business within the Commonwealth. The Virginia decisions demonstrate that there is no discernible

distinction between the terms "transacting business" and "doing business". *Continental Properties, Inc. v. Ullman Co.*, 436 F.Supp. 538 (E.D.Va.1977). Whether a foreign corporation is doing business will depend upon the facts of the individual case. *Moore-McCormack Lines v. Bunge Corp.*, 307 F.2d 910 (4th Cir.1962).

■ Solicitation of business without more is not doing business. *Iliff v. American Fire Apparatus Co.*, 277 F.2d 360 (4th Cir.1960); *Sikes v. Rexall Drug Co.*, 176 F.Supp. 33 (W.D.Va.1959). But if a foreign corporation solicits business coupled with some other activity, jurisdiction will lie. *Sikes v. Rexall Drug Co., supra.* This was formerly called the "solicitation plus" rule. 4 Moore's Federal Practice ¶ 4.25 [2–2], at 4–239 (2d ed. 1983). Where the tortious injury does not arise out of the in-state activities, a stronger showing of contacts between the defendant and the forum is required. *Goldrick v. D.M. Picton Co.*, 56 F.R.D. 639 (E.D.Va.1971); *Consolidated Eng'r Co. v. Southern Steel Co.*, 88 F.R.D. 233 (E.D.Va.1980).

This court has previously applied the "regularity test" in a situation, as here, where the cause of action did not arise from the in-state activity. *Pappas v. Steamship Aristidis*, 249 F.Supp. 692 (E.D. Va.1965). The regularity test looks toward the continuity of business activity within the forum. In *Pappas*, Judge Hoffman found personal jurisdiction lacking where the defendant steamship had made only two trips to Virginia over the previous five years, and the cause of action arose in North Carolina. *Id.* at 694.

■ The Court finds in the instant case sufficient contacts from which to find that Martin-Baker is doing business within the meaning of the decisions interpreting Virginia law. Martin-Baker's man in Norfolk, Mr. Boughey, kept records of all ejection seat problems; investigated malfunctions; lectured and advised on maintenance; produced drawings and assisted Navy personnel when the systems were being overhauled; and filed monthly reports. Al-

though assisting customers in the use of their product may not be enough to confer jurisdiction, *Sikes v. Rexall Drug Co.,* 176 F.Supp. at 35, Boughey's activities are directly connected to a lucrative spare parts business in Virginia. Norfolk is the site of a United States Naval Air Rework Facility where approximately forty percent of all Martin-Baker seats in the United States are overhauled. In connection with these overhauls, the evidence shows that over the past five years Martin-Baker has sold spare parts for its ejection systems in Virginia. This business has totalled $263,019.00 in five years, or just over $50,000.00 per year. This substantial amount of regular commercial activity is overwhelming evidence that Martin-Baker is doing business here in the Eastern District of Virginia.

The activities of Martin-Baker's other man in Virginia, Paul Dugan, leave no doubt that Martin-Baker is amenable to process here in Virginia. Dugan lives in Northern Virginia and is responsible for finding out "what's going on with the Navy." Although he does not describe himself as a salesman, the Court finds that Dugan was responsible for promoting Martin-Baker's business interests with defense customers. Dugan admits that he regularly calls upon the Pentagon, spends up to 30 hours per week promoting Martin-Baker's interests, and generally maintains close relations with customers on behalf of Martin-Baker. He had nothing to do with using the product but with the "promotion" of the product.

Recently, Dugan was called upon to prevent a possible halt in Navy Business. Congressional pressure to have the proposed F–18 aircraft equipped with ejection systems manufactured domestically prompted Dugan to use his influence in the Navy to secure continued business for Martin-Baker. The deposition of Mr. Dugan demonstrates not the occasional solicitation of business, but regular and continuous promotion of Martin-Baker's product. Dugan's position is fundamentally different from the salesman who moves into a state to open a new geographical market for his employer. His activities do not seek to promote sales just in Virginia, but in all of the United States. Indeed, it appears that Dugan is the vital link between Martin-Baker and the American market, without whom the vast well of Pentagon business would run dry.

Drawing from the above evidence, the Court sees Virginia as an indispensable link between Martin-Baker and substantial business revenues. The strength of the connection is Dugan who is vital to the continued market for the seats in the United States. Boughey also plays an important role—ensuring that the customer is satisfied with the product. Underlying the activities of the two agents is a substantial spare parts business in Virginia. The Court has no hesitation in finding that the defendant is doing business here in Virginia.

### III.

It is likewise apparent that forcing Martin-Baker to defend a lawsuit in Virginia does not violate traditional notions of fair play and due process. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The earlier decisions often utilized fictions such as "presence" or "consent" in order to hold that the defendant is found within the jurisdiction, and thus subject to service of process. C. Wright, *Law of Federal Courts,* 302 (3d ed. 1976); *see Philadelphia & Reading Ry. Co. v. McKibben,* 243 U.S. 264, 265, 37 S.Ct. 280, 61 L.Ed. 710 (1917) (corporation amenable to process only if business in state warrants inference that it is present). The trend of the law since *International Shoe* has been a consistent expansion of *in personam* jurisdiction to take account of the fundamental transformation in commercial activity during this century. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). The Supreme Court has warned, however, that there are limits to the expansion of personal jurisdiction. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62

L.Ed.2d 490 (1980). In *Worldwide Volkswagen*, the court held that Oklahoma lacked jurisdiction over a New Jersey automobile distributor where the distributor had no connection with the forum state other than the fortuity of one of its cars ending up there. The court ruled that the defendant must perform some act by which it "purposefully avails itself of the privilege of conducting activities within the forum state." *Id.* at 297, 100 S.Ct. at 567 (*quoting Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

The Court finds that Martin-Baker has purposefully availed itself of the privilege of conducting activities within Virginia. This state provides a nexus connecting Martin-Baker with a lucrative American market. To hold that due process prevents Virginia from hauling Martin-Baker into court would be tantamount to holding that the company is not amenable to suit anywhere in this country, despite the substantial defense contracts Martin-Baker enjoys. The Court is unwilling to reach such a result. Moreover, other districts have found Martin-Baker amenable to process without violating due process under similar circumstances. *Cobb v. McDonnell Douglas Corp.*, C.A. No. SA–82–CA–552 (W.D. Tex. Feb. 24, 1983); *Slaven v. McDonnell Douglas Corp.*, Civil Action No. A–80–CA–461 (S.D.Tex. Apr. 20, 1980).

The defendant relies heavily on the fourth circuit's opinion in *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745 (4th Cir. 1971). That case involved a suit against two defendant drug companies who maintained "detailmen" in the state of South Carolina for purposes of promotion and maintaining a liaison between the drug companies and pharmacists and physicians. One of the companies had appointed an agent for service of process. Nevertheless, the fourth circuit court found insufficient contacts to justify *in personam* jurisdiction. Noting that the plaintiffs were not residents of South Carolina, the court found that there was a "lack of a 'rational nexus' between the forum state and the relevant facts surrounding the claims presented." Martin-Baker interprets this decision to mean that regardless of the extent of in-state activities, jurisdiction will never lie unless the tortious injury arose out of in-state activities.

Martin-Baker's argument is defective. Shortly after the *Ratliff* decision, the fourth circuit distinguished the case by noting that it involved out-of-state plaintiffs seeking "to maintain the action in South Carolina solely for the purpose of availing themselves of South Carolina's relatively long statute of limitations, for the claims were timebarred in the states in which the plaintiffs resided and in which they sustained their injuries." *Lee v. Walworth Valve Co.*, 482 F.2d 297, 300 (4th Cir.1973). Although the plaintiff's decedent in *Lee* was killed outside the forum state of South Carolina, the plaintiff was a South Carolina resident. The court reasoned that fairness requires a court to "... look at the whole case, including South Carolina's interest in the controversy and the situation of the plaintiff and her relation, and her deceased husband's relation, to the forum state." *Id.* at 301. This distinction was noted in *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir.1976). Synthesizing the two cases, the *O'Neal* court noted: "Emanating from those decisions is the rule that the sufficiency of contacts threshold is elevated when the cause of action does not arise in the forum state or derive from the foreign corporation's transactions in the state." *Id.* at 1268.

The analysis of the *O'Neal* court clearly sets forth the task in the case at hand, and this Court has no difficulty finding the higher level of minimum contacts. To begin with, because the decedent's survivors, most notably, the plaintiff, are residents of Virginia, the state of Virginia has a paternal interest in this suit identical to the interest of South Carolina in *Lee*. Moreover, Martin-Baker has enjoyed a substantial spare parts business in Virginia. Finally, as mentioned previously, through Boughey and Dugan, this state is a vital conduit connecting Martin-Baker with the lucrative American market for its product.

The Court finds that Martin-Baker is amenable to service of process in this district, and substituted service of process which was received by the defendant even though served upon the Secretary of the Commonwealth rather than the Clerk of the State Corporation Commission was sufficient service under Virginia law. Accordingly, Martin-Baker's motion to dismiss is DENIED. Martin-Baker shall have ten (10) days from the date of this order to file responsive pleadings to the plaintiff's complaint.

IT IS SO ORDERED.