**Robert M. THOMPSON, Jr., Plaintiff,**

v.

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY,**
**Defendant.**

**No. C–C–85–0144–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 29, 1985.

Mark A. Michael, Bagder, Johnson, Chapman & Michael, Charlotte, N.C., for plaintiff.

John H. Small, Greensboro, N.C., for defendant.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Plaintiff's Motion to Compel Answer to Interrogatory 7 of Plaintiff's Interrogatories dated June 27, 1985. Also before the Court is the Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and, alternatively, for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). A hearing was held on these motions before this Court on September 9, 1985 at Charlotte, North Carolina.

This action was brought pursuant to the Age Discrimination in Employment Act after the Defendant discharged the Plaintiff, a Virginia resident at the time, from his position as Assistant Regional Claims Manager in the Defendant's Richmond, Virginia office. None of the events giving rise to this suit has any connection with North Carolina. Moreover, the Defendant has not done business in North Carolina since August 1981. At all relevant times, the Defendant maintained no office, employees, telephone listings, or bank accounts in North Carolina; nor did it solicit any business in North Carolina. By its motion to compel, however, the Plaintiff seeks to establish that the Defendant entered into contracts in North Carolina between 1983 and 1985 with independent adjusters to conduct investigations with respect to accidents that may have occurred in North Carolina or claimants who reside there.

In its Order of September 10, 1985, the Court questioned the relevance to this lawsuit of such contacts by a defendant insurance company, not otherwise doing business in North Carolina, with independent adjusters in North Carolina. Accordingly, before ruling on the Plaintiff's Motion to Compel and the Defendant's Motion to Dismiss, the Court has allowed the Plaintiff to

file a brief and the Defendant to file its response on the following questions: (1) whether such contacts by the Defendant with independent adjusters would warrant *in personam* jurisdiction in this District in an action not related to those contacts; and (2) whether or not the Western District of North Carolina is the proper venue for this action.

Having reviewed the parties' briefs and the relevant case law, the Court is of the opinion that such contacts by the Defendant with independent adjusters in North Carolina are

> not purposeful, systematic or significant enough to warrant the exercise of [*in personam*] jurisdiction in light of due process guarantees and [the Fourth Circuit's] standard that the contacts with the forum state be 'fairly extensive' when the cause of action arises outside that state.

*Wolf v. Richmond County Hospital Authority,* 745 F.2d 904, 905 (4th Cir.1984). Since the present action arises out of an employment dispute in Virginia, "the sufficiency of contacts threshhold is elevated," *O'Neal v. Hicks Brokerage Co.,* 537 F.2d 1266, 1268 (4th Cir.1976), and a "more stringent standard is applied" in determining whether the required minimum contacts between the nonresident Defendant and the forum state exist. *Wolf, supra,* at 909. In *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, ——, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404 (1984), the United States Supreme Court held that

> mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.

Accordingly, this Court does not believe that further discovery into the purchase of investigation services from independent adjusters in North Carolina is necessary, since those services are unrelated to the cause of action and are therefore insufficient to form a basis for personal jurisdiction.

Having determined that the Plaintiff's Motion to Compel should be denied, the Court may now address the Defendant's Motion to Dismiss. As the Defendant has noted, the Plaintiff must prove that the Defendant was "engaged in substantial activity" in North Carolina "when service of process [was] made upon such party" for this Court to have personal jurisdiction over the Defendant. N.C.Gen.Stat. § 1-75.4(1)(d). Service of process was made on the Defendant in late March 1985. As the Court has determined that any contacts the Defendant may have had with independent adjusters in North Carolina are insufficient to form a basis for personal jurisdiction over the Defendant, and as the Plaintiff has failed to show any other substantial activity by the Defendant in North Carolina as of March 1985, the Court is of the opinion that the Defendant's Motion to Dismiss for lack of personal jurisdiction should be granted.

Since the Court has decided to grant the Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), it is unnecessary for the Court to address the Defendant's alternative Motion to Dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

NOW, THEREFORE, IT IS ORDERED that:

(1) The Plaintiff's Motion to Compel is DENIED;

(2) The Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) is GRANTED; and

(3) The Court need not rule on the Defendant's Motion to Dismiss for improper venue pursuant to Fed.R. Civ.P. 12(b)(3).