John ALTON, Plaintiff,

v.

Zhenhau WANG, Defendant.

Civil Action No. 96–0009–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Oct. 9, 1996.

Sheldon H. Parker, Parker & Destefano, Charlottesville, VA, for plaintiff.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Defendant has challenged this court's jurisdiction over his person by letter motion dated May 1, 1996, to which plaintiff has responded. Plaintiff Alton seeks a declaratory judgment to prevent defendant Wang from further interfering with publication of plaintiff's book. Defendant, a Chinese citizen who has never been to Virginia, is an in instructor of Chinese martial arts and Qigong, a type of Chinese medicine. Plaintiff was at one time defendant's student in China. Once plaintiff returned to the United States, he began writing a book about Qigong. Shambhala Publications, a Massachusetts publisher, agreed to publish the book. When

---

informed by plaintiff that plaintiff was writing the book, defendant objected to the disclosure of his secrets. In a series of e-mail messages and letters to plaintiff, defendant repeatedly asked (1) to review plaintiff's book, (2) for compensation that plaintiff allegedly owed defendant from defendant's prior instruction in China, and (3) for a percentage of plaintiff's income from the book and any Qigong classes that plaintiff taught. Defendant threatened to contact Shambhala Publications to block publication of the book. Plaintiff made several unsuccessful offers to settle defendant's claims and permitted defendant to review part of the book.[1] Refusing to agree to a settlement, defendant contacted plaintiff's publisher, thus prompting the publisher to postpone publishing the book until all legal issues were resolved between the parties. As a result, plaintiff filed this action.

By letter motion of May 1, 1996, defendant argues that this court does not have jurisdiction over his person. The party asserting that a court has personal jurisdiction bears the burden of proving that jurisdiction exists. *Mylan Labs., Inc. v. Akzo,* 2 F.3d 56, 60 (4th Cir.1993). In order for a court to have personal jurisdiction over an individual, a court must first determine whether the applicable state law will permit the exercise of long-arm jurisdiction over the defendant. The court must then "determine if such an exercise comports with due process." *Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062, 1064 (4th Cir.1982).

"The Virginia long-arm statute ... has been construed to extend *in personam* jurisdiction to the outmost perimeters of due process." *Peanut Corp. of America v. Hollywood Brands, Inc.,* 696 F.2d 311, 313 (4th Cir.1982) (footnote omitted). Nevertheless, because the Virginia long-arm statute enumerates those instances in which a court may exercise jurisdiction, the grant of *in personam* jurisdiction to the extent permitted by due process has traditionally been analyzed within the context of those situations specified under the Act. *See, e.g., id.* at 313

(undertaking the traditional two-step analysis because of "an abundance of caution"); *Holland v. Hay,* 840 F.Supp. 1091, 1095 (E.D.Va. 1994).

Plaintiff asserts that defendant repeatedly sent letters and e-mail messages to, and received letters and e-mail responses from, plaintiff in Virginia. Defendant allegedly used these messages to threaten plaintiff as to the publication of his book, in addition to demanding certain money that was owed by plaintiff to defendant. Defendant was either in China or in Canada when he sent or received these letters and e-mail messages. Assuming for the purposes of this decision that the repeated correspondence would satisfy the minimum contacts required for due process, *see International Shoe Co. v. Washington,* 326 U.S. 310, 316–17, 66 S.Ct. 154, 158–59, 90 L.Ed. 95 (1945), plaintiff nonetheless has failed to satisfy the Virginia long-arm statute because none of defendant's acts took place within the state of Virginia.

Under Va.Code § 8.01–328.1(A)(3), "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's ... [c]ausing tortious injury by an act or omission in this Commonwealth." Although Virginia courts do not appear to have addressed the precise issue raised in the instant case, federal courts in New York have interpreted a similar statute to require that the defendant be physically present in the state when committing the tort. *See Beckett v. Prudential Ins. Co.,* No. 94–CV–8305, 1995 WL 296437, at *3 (S.D.N.Y. May 15, 1995) (citing, *inter alia, Roth v. El Al Airlines, Ltd.,* 709 F.Supp. 487 (S.D.N.Y.1989); *Van Essche v. Leroy,* 692 F.Supp. 320 (S.D.N.Y. 1988)). This includes instances cases where the defendant located outside the forum state sent a communication to someone located within the forum state. *Id.* The New York courts' rationale has merit. Defendant has never been to Virginia and never committed a tortious act while located within the physical boundaries of Virginia. Accordingly,

---

1. Plaintiff also alleges that he transferred $2,000 to defendant's bank account in Canada in settlement for the book dispute, a fact that was not

alleged in the original complaint. *See* Plaintiff's July 1, 1996 Response to Defendants [sic] Motion Challenging Court's Jurisdiction at 5.

plaintiff has failed to allege facts sufficient to justify the exercise of jurisdiction over defendant under Va.Code § 8.01–328.1(A)(3).

■ A court in Virginia also may assert its long-arm jurisdiction over a defendant if the defendant "caus[ed] tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he . . . engages in any other persistent course of conduct . . . in this Commonwealth." Va.Code § 8.01–328.1(A)(4). Once again, plaintiff has failed to allege facts sufficient to permit the exercise of jurisdiction. Defendant has not committed acts that have resulted in a tortious injury within the state of Virginia. Plaintiff alleges that defendant's acts prompted a Massachusetts publisher to postpone publication of plaintiff's book. Specifically, plaintiff alleges that defendant contacted his publisher, informed the publisher of the dispute between plaintiff and defendant, and threatened to sue the publisher unless he was given a copy of the book to review. Although plaintiff may have suffered economic losses as a result of defendant's actions, plaintiff's actual injury—the postponement of the publication of plaintiff's book—occurred in Massachusetts, not Virginia. *See Pennington v. McDonnell Douglas Corp.*, 576 F.Supp. 868, 871 (E.D.Va.1983) (finding that although a plaintiff had suffered economic damage as a result of her husband's wrongful death, the tortious injury—*i.e.*, the death—occurred out of state, barring application of Va.Code § 8.01–328.1(A)(4)). Accordingly, this court would be unable to proceed under subsection four because the tortious injury did not occur in Virginia.

Because plaintiff has failed to allege facts sufficient to bring defendant within the jurisdiction of a court in Virginia, this action will be dismissed.[2]

---

**2.** This court expresses no opinion as to whether a district court sitting in Massachusetts would have jurisdiction over defendant in this case.